Kory TOMA, Plaintiff–Appellant,

v.

The CITY OF WEATHERFORD; Keith Crum, individually and as an employee of the City of Weatherford Police Department; Tim Bailey, individually and as an employee of the City of Weatherford Police Department; Randy Cox, individually and as an employee of the City of Weatherford Police Department; and Larry Williams, individually and as an employee of the Custer County, Oklahoma Sheriff's Office, Defendants–Appellees.

No. 86–1304.

United States Court of Appeals, Tenth Circuit.

May 11, 1988.

Michael Gassaway and John B. Monnett, Hughes & Nelson, Oklahoma City, Okl., on the brief, for plaintiff-appellant.

Jim T. Priest, McKinney, Stringer & Webster, P.C., Oklahoma City, Okl., for defendants-appellees.

Before HOLLOWAY, Chief Judge, ANDERSON, Circuit Judge, and SAFFELS, District Judge [*].

SAFFELS, District Judge.

This appeal provides us with another opportunity to review a district court's use of dismissal or default as a discovery sanction. This issue has been the subject of several recent decisions. *See M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869 (10th Cir.1987); *Smith v. United States*, 834 F.2d 166 (10th Cir.1987); *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir.), *modified on reh'g on other grounds sub nom. Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383 (10th Cir.1987). On February 7, 1986, the district court dismissed plaintiff's complaint with prejudice for failing to comply with a court scheduling order concerning the orderly progress of discovery and for violation of the discovery provisions of the Federal Rules of Civil Procedure. On appeal, plaintiff contends that discovery sanctions are not warranted but, even if this court finds some penalty is due, dismissal was an abuse of discretion. Based on the standards applied in our recent cases, we find that the district court's dismissal must be reversed and the case remanded for findings under the appropriate standard.

I.

Plaintiff filed this case on July 1, 1985, alleging a violation of his civil rights under 42 U.S.C. § 1983. On August 16, plaintiff and his counsel received interrogatories and a request for production. Plaintiff did not respond to the request for production (the nature of which is not disclosed in the record), although plaintiff did provide answers to interrogatories on December 17, some three months after receiving them. Pursuant to a pretrial scheduling order dated September 17, 1985, the plaintiff was directed to file his final contentions by December 15, 1985, and his witness and exhibit lists by January 1, 1986. Plaintiff filed his final contentions on February 4, and his witness and exhibit lists on January 7. Defendants had filed their witness and exhibit lists on January 2. Also in the September 17, 1985, order was a discovery deadline of January 15, 1986.

While the discovery requests to plaintiff were outstanding in October and November of 1985, defense counsel made informal attempts to expedite compliance. In so doing, defense counsel learned that plaintiff had moved from Oklahoma to California, where he was enrolled in a police academy. This prevented plaintiff from attending any depositions on short notice and also complicated defendants' attempts to obtain answers to discovery. On January 2, 1986, defendants noticed plaintiff's deposition. Plaintiff's counsel received the notice on

---

[*] Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation.

January 3, 1986, and immediately contacted the plaintiff. The deposition was set for January 7, but because plaintiff was in his final week of police training, he could not appear on that date. Plaintiff's counsel did not inform defendants of this fact until the morning of the scheduled deposition.

On January 15, 1986, the date set by the court for the filing of the final pretrial order, plaintiff submitted his proposed pretrial order to defendants. On January 16 and 17, 1986, plaintiff submitted his proposed voir dire and jury instructions, respectively. On January 15, 1986, defendants City of Weatherford, Crum, Bailey and Cox had filed motions to dismiss or for default judgment for violation of discovery rules. The remaining defendant, Larry Williams, filed a motion to dismiss on January 27, 1986. Plaintiff responded to the January 15 motion to dismiss on February 4, 1986, one day late considering Western District of Oklahoma Local Rule 14(A)'s 15–day response time, Federal Rule of Civil Procedure 6(e)'s three-day addition for mailing, and February 2 being a Sunday. On February 6, 1986, the district court dismissed plaintiff's case with prejudice, stating that plaintiff had failed to comply with the court's order concerning the progress of discovery and had failed to comply with the discovery provisions of the Federal Rules of Civil Procedure. This timely appeal followed.

## II.

We recently discussed the authority for sanctions as a penalty for noncompliance with proper discovery requests. In *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869 (10th Cir.1987), we noted that default judgment (or dismissal) is one of the enumerated sanctions in Federal Rules of Civil Procedure 37(b)(2)(c) and (d) and 16(f). 834 F.2d at 872. We also noted that "[o]ur review of such sanctions is governed by the abuse of discretion standard ... in the totality of the circumstances." *Id.* (citing cases). Because of the harshness of dismissal, considerations of due process require that violation of the discovery rules is a sufficient ground only when it is a result

of " 'wilfulness, bad faith, or [some] fault of petitioner' rather than inability to comply." *Id.* (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976)). A willful failure is " 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.' " *M.E.N. Co.*, 834 F.2d at 872–73 (quoting *In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir.), *modified on reh'g on other grounds sub nom. Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383 (10th Cir.1987)). The court will first review each alleged violation relied upon by the trial court separately and then as a whole to determine whether dismissal was within the court's discretion.

The first matter was the submission of interrogatories and a request for production on September 17, 1985. Under Rules 33(a) and 34(b) of the Federal Rules, responses were due thirty days later. Defense counsel was in contact with plaintiff's counsel in late October and early November concerning the completion of the responses. Defense counsel knew that plaintiff had relocated to California and responses would be late in coming. Rule 37(a)(2) gives a requesting party under Rules 33 or 34 a specific remedy for failure to answer interrogatories or requests for production: a motion for an order compelling an answer. Because there was no such motion and no order from the court, this must be treated under Rule 37(d), which addresses the failure of a party to serve answers to Rule 33 and 34 discovery requests. Rule 37(d) permits the court to "make such orders in regard to the failure as are just, and among others it may take any action authorized under [paragraph] (C) of subdivision (b)(2) of this rule." Dismissal is a permissible sanction under subdivision (b)(2)(C). Answers to interrogatories were filed on December 17, 1985, and plaintiff did not comply with the request for production.

The record fails to support a finding of willful failure in regard to these occurrences. First, defense counsel knew that

plaintiff had moved to California, and discovery from him would take longer than initially anticipated. Second, plaintiff did file answers to interrogatories, albeit two months late. The interrogatories numbered twenty-three, and plaintiff provided textual answers to ten of the questions. As to the other thirteen, plaintiff responded that the information needed to supply an answer was not yet known pending further discovery. Although they were not completely responsive, the court finds that the answers do not demonstrate a willful attempt to evade discovery. Finally, nothing suggests that defense counsel ever took any steps to obtain this discovery other than informal contact with plaintiff's counsel. The parties have not included the request for production as part of the record, so the court cannot comment on the time burden that would have been involved in assembling the requested documents or whether plaintiff was even capable of compliance. The lack of a proper record leaves us with little basis on which to find willfulness.

█ The next matter was the district court's scheduling order. Plaintiff violated this standardized form order by filing his final contentions one and one-half months late and his witness and exhibit lists five days late (the due date falling on January 2, which was the first workday after January 1). Defendants have not alleged any prejudice arising from the belated filings, the sufficiency of which has not been challenged. This case was never set for trial, and the record contains no indication that as of the date of the district court's order of February 6, 1986, plaintiff and defendants were unprepared for trial. Plaintiff had already filed proposed voir dire questions and jury instructions. In fact, the lawsuit was only seven months old at the time of dismissal. Again, defendants never moved for any order to compel, and the record does not even contain an indication that informal attempts to expedite plaintiff's compliance were made. These facts do not support a finding of willfulness.

█ The last occurrence relied upon by the district court in entering its order was

plaintiff's failure to attend his deposition. This was the most severe violation of the discovery rules, but even in this instance the record does not support a finding of willful conduct. The only evidence before us demonstrates that plaintiff was in his final week of training at a police academy in California. Plaintiff's counsel received notification of the January 7 deposition on January 2, leaving plaintiff a matter of a few days to get his affairs in order and fly to Oklahoma. These facts certainly do not establish an intentional disregard of the federal rules, and in fact appear to constitute the sort of inability to comply discussed in *M.E.N. Co.*

Collectively, the shortcomings of plaintiff in the orderly progression of discovery indicate some laxity and inattentiveness to filing deadlines and one apparent instance of failure to comply with a discovery request (the request for production). As earlier stated, this court must review the district court's dismissal under the abuse of discretion standard based upon the totality of circumstances. The court will not excuse the pretrial conduct of plaintiff and/or his counsel, and some sanction is appropriate. The harshest sanction possible, however, is not warranted by the existing record. We recognize the difficulty of reviewing an objective and voiceless record for error when the trial court that made the decision to dismiss did so from the perspective of the "trenches," including direct and regular contact with the parties and their attorneys. It is upon this record, however, that our decision must be based. In light of the apparently involuntary nature of some of the alleged violations, the "absence of any prejudice or serious inconvenience to the defendant[s], and considering the comparatively short time the suit was pending," *Hollis v. United States*, 744 F.2d 1430, 1433 (10th Cir.1984), we conclude that the sanction of dismissal was too severe and was an abuse of discretion. *See generally Meade v. Grubbs*, 841 F.2d 1512, 1519–22 (10th Cir.1988) (discussing the harshness of the remedy, the requirements of culpability and inconvenience or prejudice to defendants, and the comparative age of the lawsuit). As we noted in *M.E.N. Co.*, in fair-

ness to the district judge, the emphasis on willfulness occurred mainly in cases decided subsequent to the order of dismissal in this lawsuit. 834 F.2d at 874.

Because some sanction is necessary, the case should be remanded to the district court for further proceedings. In determining the appropriate sanction, the district court is reminded of the distinction this court drew between violations due to attorney incompetence and those arising from a party's own fault. *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872–74 (10th Cir.1987). Moreover, the trial court should direct its attention to the willfulness of the violation in accordance with our prior decisions. Although the record on appeal does not presently support dismissal, the court will not preclude that sanction if the failure to respond to the request for production and the failure to attend deposition were the result of willful conduct.

REVERSED AND REMANDED.