968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rhonda Kay MONTGOMERY, Plaintiff-Appellant,
v.
POTTAWATOMIE COUNTY HOSPITAL AUTHORITY, doing business as
Mission Hill Memorial, Dr. John A. Kienzle, Isabel
Killian, Christina Bryce, Defendants-Appellees.
 No. 91-6201.
 United States Court of Appeals, Tenth Circuit.
 June 15, 1992.
 
 Before EBEL and BARRETT, Circuit Judges, and PARKER*, District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 Rhonda Kay Montgomery (Montgomery) appeals from a judgment entered in favor of Pottawatomie County Hospital Authority, d/b/a Mission Hill Memorial Hospital (Mission Hill), and Dr. John Kienzle (Kienzle), hereinafter collectively referred to as appellees, following a jury verdict.
 
 
 2
 Montgomery underwent gall bladder removal surgery on October 30, 1984, at Mission Hill. Kienzle was the surgeon. He was assisted by Isabel Killian and Christine Bryce, nurses employed by Mission Hills.[1] Almost five years later, on August 29, 1989, Montgomery had a sponge, approximately fourteen inches square, surgically removed from her abdomen by Dr. Billy Stout at St. Anthony's Hospital.
 
 
 3
 Montgomery subsequently sued appellees alleging that they had negligently and carelessly left the sponge inside her during the course of her gall bladder surgery. Montgomery sought damages of two million dollars for medical expenses, pain and suffering, permanent impairment, disability and disfigurement, lost wages, and an impairment of future earning capacity.
 
 
 4
 At trial, Montgomery presented evidence that she had a tubal ligation and a termination of pregnancy in 1974, the gall bladder surgery in 1984, and no other abdominal surgery after her gall bladder surgery until the 1989 surgery to remove the sponge. Montgomery called Dr. Stout who testified on cross-examination that he relied on nurses to give him a correct sponge count during surgery and that he did not believe that Kienzle was responsible at all in this lawsuit. (R., Supplemental Appendix to Brief of Kienzle, p. 4).
 
 
 5
 Appellees presented evidence that: the sponge did not originate from them; based on the their habit and custom, the sponges were correctly accounted for during Montgomery's gall bladder surgery; the sponge removed from Montgomery was an unusual type; Kienzel did not use square sponges; fourteen inch sponges were not used at Mission Hill at the time of Montgomery's surgery; Montgomery had no symptoms of a retained sponge following her gall bladder surgery; doctors would expect a severe infection, high fever, and terrible pain with a retained sponge; and, doctors would expect a mass in the area of the sponge, but none was felt after Montgomery's gall bladder surgery.
 
 
 6
 Appellees also presented medical records of other surgeries performed on Montgomery, including: a June 25, 1984, tubal reversal operation; a March, 1985, uterine biopsy surgery; and an intervening (between the gall bladder and sponge removal surgeries) upper abdominal surgery at St. Anthony's Hospital. Dr. Sara Dye testified for appellees that she had examined Montgomery before the sponge was surgically removed and that "there's no doubt in my mind" that Montgomery "had at least two surgeries." (R., Supp. Appendix to Brief of Appellee at p. 27).
 
 
 7
 After deliberating less than one hour, the jury returned a verdict in favor of appellees. Thereafter, Montgomery moved for judgment notwithstanding the verdict or, alternatively, for new trial. Within her motion, Montgomery argued that "there was no evidence, only speculation, that another surgery existed" and that the verdict was "contrary to the great weight of the evidence." (R., Appendix to Brief in Chief of Appellant, p. 137-38). The district court denied both motions after making brief findings that it could not say that the evidence pointed but one way or that the verdict in appellees' favor was clearly, decidedly, or overwhelmingly against the evidence. Montgomery did not appeal the denial of these motions.
 
 
 8
 On appeal, Montgomery contends that: (1) the district court erred in allowing testimony as to appellees' habit and custom of performing surgery; (2) the verdict was not based on the evidence but rather upon the inferences and speculation that she had another abdominal surgery; and (3) the appellees failed to cooperate in discovery and prejudiced her in her ability to prepare for trial.
 
 I.
 
 9
 Montgomery contends that the district court erred in allowing appellees to present evidence as to their habit and custom of performing the sponge count in a surgical procedure. Montgomery argues that this evidence was improperly admitted because the nurses' surgical records were flawed, inaccurate, and incomplete and because the evidence produced during the trial revealed that there was no usual habit and custom.
 
 
 10
 Appellees respond that the evidence of how they normally counted sponges on a routine basis was properly admitted because much of the testimony relating to the sponge count resulted from Montgomery's questioning and the remainder was admitted without objection from Montgomery. Appellees argue that Montgomery cannot raise this issue for the first time on appeal.
 
 
 11
 The admission or exclusion of evidence lies within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. Mason v. Texaco, Inc., 948 F.2d 1546, 1555 (10th Cir.1991), quoting Wheeler v. John Deere Co., 935 F.2d 1090, 1099 (10th Cir.1991). Moreover, "as a general rule, a federal appellate court does not consider an issue not passed upon below." Workman v. Jordan, 958 F.2d 332, 337 (10th Cir.1992).
 
 
 12
 Based on the limited record before us, we cannot determine whether Montgomery properly objected to appellees' evidence on their habit and custom in counting sponges or, as appellees allege, whether much of the testimony relating to the sponge count arose as a result of Montgomery's own questioning. However, assuming arguendo, that Montgomery did properly object to the introduction of this evidence, we nevertheless hold that its admission did not give rise to a clear abuse of discretion. Appellees, having been charged with carelessly and negligently leaving a sponge inside Montgomery during the course of a gall bladder operation, and being unable to remember the particulars of Montgomery's operation, were entitled to present evidence of the manner in which they routinely accounted for sponges during surgeries. See: Perrin v. Anderson, 784 F.2d 1040, 1045-46 (10th Cir.1986) (testimony of prior specific incidents allowable under Fed.Evid.Rules 406 providing for admission of habit evidence); Meyer v. United States, 638 F.2d 155, 157 (10th Cir.1980) (evidence of dentist's habit, custom, routine admissable in Federal Torts Claim Act action); 30 Am.Jur.2d, Evidence, § 1123.
 
 II.
 
 13
 Montgomery contends that the jury's verdict was not based upon the evidence presented, but rather was based on inferences and speculation that she had another abdominal surgery. She argues that inasmuch as the appellees failed to produce any evidence of another surgery which could have possibly resulted in a sponge being left in her abdomen, the jury was left to speculate or guess that there was another surgery. Thus, she argues that the jury's verdict should have been set aside.
 
 
 14
 Our "review of the evidence underlying a jury verdict in a civil case is limited to determining 'whether the record contains substantial evidence to support the jury's ... conclusion, viewing the evidence in the light most favorable to the prevailing party.' " Riggs v. Scrivner, Inc. 927 F.2d 1146, 1149 (10th Cir.1991), cert. denied, --- U.S. ----, 1991, quoting Kitchens v. Bryan County National Bank, 825 F.2d 248, 251 (10th Cir.1987).
 
 
 15
 The evidence established a number of surgeries, both prior to and after Montgomery's gall bladder surgery, which the jury could have found responsible for the retained sponge. These surgeries included: a 1974 tubal ligation (which Montgomery argued could not have resulted in a sponge being left inside her because the sponge count in that surgery was correct); a 1974 suction curettage termination of pregnancy (which Montgomery failed to disclose until it was discovered in medical records); a 1984 tubal reversal operation (which Montgomery said was a mistake and did not happen although Montgomery's attorney acknowledged that medical records showed that the surgery was performed); a 1985 uterine biopsy surgery (which Montgomery failed to disclose); an upper abdominal surgery note in St. Anthony Hospital's nursing record (which Montgomery said was a mistake). The jury's verdict was also supported by Dr. Dye's testimony that Montgomery had at least two surgeries and Dr. Stout's testimony that he did not believe that Kienzle was responsible at all in this lawsuit.
 
 
 16
 Applying Riggs to the facts herein, we hold that there was substantial evidence to support the jury's verdict in favor of appellees.
 
 III.
 
 17
 Montgomery contends that the "appellees" failed to cooperate in discovery and therefore unfairly surprised and prejudiced her ability to prepare and present evidence at trial. At the outset, we observe that Montgomery's allegations are directed only to Bryce, Killian, and Mission Hills, but not to Kienzle. Moreover, inasmuch as Montgomery dismissed Bryce and Killian as defendants during the trial, Montgomery's contention that "appellees" failed to cooperate is necessarily limited to Mission Hills.
 
 
 18
 Montgomery argues that: appellees improperly answered certain interrogatories and requests for production of documents; appellees were acting in bad faith in an attempt to hinder the discovery of pertinent facts and her ability to prepare for trial; and, she should have been granted judgment by default under Fed.R.Civ.P. 37(b)(2)(c).
 
 
 19
 As a general rule, we do not consider issues not passed upon by the district court. Workman, 958 F.2d at 337. Inasmuch as Montgomery failed to present these issues to the district court during the trial and did not include them in her motion for judgment notwithstanding the verdict or for new trial, we decline to consider them for the first time on appeal. Moreover, Montgomery has failed to establish that she would have been entitled to judgment by default under Rule 37(b)(2)(c). See Toma v. City of Weatherford, 846 F.2d 58, 60 (10th Cir.1988) (default judgment or dismissal is appropriate under Rule 37(b)(2)(c) "only when it is a result of 'wilfulness, bad faith, or [some] fault of petitioner' rather than inability to comply"), quoting M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869 (10th Cir.1987), quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640 (1976).
 
 
 20
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 **
 The Honorable James A. Parker, United States District Judge for the District of New Mexico, sitting by designation
 
 
 [1]
 Both Killian and Bryce were dismissed as defendants by Montgomery during the trial