Maria Cecelia GOCOLAY, Special Administrator of the Estate of Antonio K. Gocolay, decedent, Plaintiff–Appellant,

v.

NEW MEXICO FEDERAL SAVINGS & LOAN ASSOCIATION; Fil–Am Investment Corporation; Manuel D. Gocolay; Robert Morris, in his capacity as President of NM Federal Savings & Loan Association; Beverly Agnew; Dail Bachtel; Raymond Gallegos; James Hester; Henry Holmberg; Arturo Jaramillo; Ben Maestas; Andres Martinez; John Mitchell; Gilbert Ortiz; Ted Ortiz; M.B. Packard; H.D. Woodruff, Col.; Kurt Ziebarth; Frank Morrato; Edwin C. Lineberry; Rosa Ellis; Robert E. Morris, in their capacity as Directors of NM Federal Savings & Loan Association; Jaime Villarino; Resolution Trust Corporation, Defendants–Appellees.

No. 90–2116.

United States Court of Appeals, Tenth Circuit.

July 1, 1992.

---

Steven S. Scholl (Stanley N. Hatch with him on the briefs), of Hatch, Beitler, Allen & Shepherd, P.A., Albuquerque, N.M., for plaintiff-appellant.

Richard Yeomans of Poole, Kelly & Ramo, P.C. (Joe L. McClaugherty, Cameron Peters, and Jack Eastham with him on the briefs), of Kemp, Smith, Duncan & Hammond, P.C., Santa Fe, N.M., for defendants-appellees.

Before BALDOCK and BRORBY, Circuit Judges, and BELOT,* District Judge.

BRORBY, Circuit Judge.

The sole issue on appeal is whether the district court abused its discretion by dismissing Plaintiff's complaint as a discovery sanction for failing to complete a deposition by the ordered deadline because of uncontradicted claims of ill health. We hold the dismissal was improper, vacate the district court's order, and remand.

Plaintiff Antonio Gocolay, a Philippine national, brought suit in September 1987 to recover $653,754.79 allegedly converted from his certificates of deposit by an employee of New Mexico Federal Savings and Loan Association (New Mexico Federal). At the time, Mr. Gocolay was seventy-three years old. In his suit, Mr. Gocolay named as parties a branch manager of New Mexico Federal, the Savings and Loan Association (S & L) itself, as well as the S & L's president and numerous other individuals in their capacity as directors of New Mexico Federal (hereinafter collectively New Mexico Federal). The underlying claims, which included allegations of fraud, forgery, conversion, breach of fiduciary duty and negligence, are not germane to this appeal.[1]

During the pretrial discovery process, Defendant New Mexico Federal scheduled and then cancelled Mr. Gocolay's deposition

---

* The Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation.

1. At least one individual named in Mr. Gocolay's suit pleaded guilty to criminal wrongdoing related to the alleged conduct.

at least four times because it was not prepared to go forward.[2]

In September 1988, Mr. Gocolay's deteriorating health prompted his attorney to seek an order allowing Mr. Gocolay to preserve his trial testimony on videotape. Due to Mr. Gocolay's age, frail condition, and possible unavailability at trial, the district court granted the motion. Mr. Gocolay travelled to the United States that same month to receive medical treatment for, among other things, chronic heart, vascular and liver diseases. After five days in a San Francisco hospital and against his physician's advice, he travelled to Albuquerque to attend his deposition. Mr. Gocolay completed a single day's questioning by his attorney on direct examination, yielding 130 pages of transcript. New Mexico Federal cross-examined Mr. Gocolay for the next two days despite objections to the relevance of its line of questioning.

Mr. Gocolay thereafter sought a protective order to limit the scope of questioning, in part because of his poor health. The district court ruled New Mexico Federal could inquire into most of the sought-after areas related to Mr. Gocolay's financial status and banking knowledge. However, the court stressed "[i]f the doctors say he can't continue ... we are going to quit."

Before continuing the deposition, Mr. Gocolay suffered severe chest pains. A cardiologist warned the deposition should not continue and ordered Mr. Gocolay back to San Francisco for treatment. Both parties' counsel agreed to interrupt the deposition and reconvene later. However, doctors in both Manila and San Francisco warned stress associated with the continued deposition might result in Mr. Gocolay's death. Once stabilized, Mr. Gocolay returned to the Philippines without completing the deposition.

Due to Mr. Gocolay's condition, the district court heard argument on limiting further discovery and ordered that "counsel ... be guided by the directions of Antonio Gocolay's treating physicians in continuing the deposition so as to protect [his] health while still affording the Defendants an opportunity for complete discovery."

During the next four months, efforts at rescheduling the deposition failed as Mr. Gocolay's personal physician, a cardiologist in Manila, recommended against long distance air travel. The physician insisted Mr. Gocolay's chronic illnesses made him a "walking time bomb" and additional time was necessary to stabilize his condition. The parties scheduled a deposition in Hawaii for mid-April 1989, but the location was changed to San Francisco when counsel learned Mr. Gocolay had to return to the United States for urgent medical treatment. Two weeks prior to his arrival, Mr. Gocolay was hospitalized in the Philippines with pneumonia and heart problems. Treating physicians notified counsel any travel might threaten Mr. Gocolay's life. New Mexico Federal refused to vacate the deposition setting and noted Mr. Gocolay's non-appearance on the record.

Thereafter, New Mexico Federal filed a motion to dismiss Mr. Gocolay's action, claiming he had repeatedly failed to cooperate in the discovery process. In opposition, Mr. Gocolay's attorney provided the court with an affidavit from Dr. James Tan, a cardiologist in Manila, who recommended against continuing the deposition until a later date. Dr. Tan stated Mr. Gocolay's overall condition worsened "in large part because of the high level of stress he experienced during his [earlier] deposition," and further questioning posed a "grave danger" to his already fragile health.

During a hearing on the motion to dismiss, New Mexico Federal stated it was skeptical of the severity of Mr. Gocolay's alleged health problems and told the court any independent physical examination in the Philippines would be suspect. The

---

2. Due to a change in counsel, New Mexico Federal also cancelled thirty depositions of its corporate officers scheduled by Mr. Gocolay's counsel in June 1988. (Aplt. Reply Br. at 9; R.Vol. I, Doc. 259 at 3–4.) The district court sanctioned New Mexico Federal with costs and expenses when it cancelled a scheduled deposition of Mr. Gocolay's son who had travelled to the United States from the Philippines. (R.Vol. 1 Doc. *entry* 179; Doc. 259 at 3; Aplt. Reply Br. at 9.)

court agreed. The court also commented that Mr. Gocolay's physicians probably never would advise he was strong enough to complete the deposition. In his personal view, the judge surmised Mr. Gocolay did not "want to give his deposition and [was] hiding behind his health." Nevertheless, the court noted if Mr. Gocolay's health prevented further deposition, then "that's just the breaks of the game." Taking the motion under advisement, the court demanded Mr. Gocolay provide the court with some evidence of his ill health other than Dr. Tan's opinion.

In response, Mr. Gocolay's attorney filed an affidavit by Dr. Coleman Ryan, chief cardiologist at Seton Medical Center near San Francisco, confirming Mr. Gocolay's poor health and acknowledging he had ordered a halt to the original deposition.

Attempts to bring Mr. Gocolay to the United States failed in June, July and August. On October 30, 1989, a magistrate judge ordered Mr. Gocolay to "submit himself for the completion of his deposition on or before February 28, 1990, in Hawaii or on the west coast of the United States at the direction of [his] doctors." The parties scheduled the deposition for mid-January, but Mr. Gocolay again suffered congestive heart failure and was hospitalized in the Philippines on December 26, 1989.

Mr. Gocolay filed a motion to modify the magistrate judge's deadline order and attached Dr. Tan's affidavit stating Mr. Gocolay's condition had worsened and "air travel ... would be ... life threatening." Nevertheless, the magistrate judge denied both Mr. Gocolay's motion to extend the deposition deadline and his combined motion for a protective order to hold the remaining deposition in the Philippines.

Unable to travel to the United States, Mr. Gocolay renewed his request to extend the deadline on February 28, 1989. New Mexico Federal submitted a memorandum in support of its motion to dismiss. Soon thereafter, and against his physician's advice, Mr. Gocolay flew to the United States with his doctor, arriving in San Francisco on March 13. However, Mr. Gocolay's health deteriorated during the trip and he was again immediately hospitalized to stabilize his condition. His attorney filed another motion asking the court to substantially restrict any further attempts to depose Mr. Gocolay. Attached to the motion was a second affidavit from Dr. Ryan attesting to Mr. Gocolay's life-threatening condition upon his arrival in the United States. Dr. Ryan noted Mr. Gocolay's desire to complete the deposition but advised he "should not be deposed now or ever...." Dr. Ryan explained Mr. Gocolay had, in all probability, less than six months to live and stated nothing miraculous existed about Mr. Gocolay's travel to the United States "except perhaps that he survived the trip." Dr. Ryan noted that if allowed to continue, the deposition should be strictly limited, medically supervised and terminated at the first sign of ill symptoms.

Nevertheless, after a hearing on the matter before the magistrate judge, the district court dismissed Mr. Gocolay's complaint without prejudice for failing to complete the deposition by February 28, 1990. Mr. Gocolay died the same day he filed a notice of appeal.[3]

## DISCUSSION

The district court has authority to dismiss a claim for failure to obey a discovery order, Fed.R.Civ.P. 37(b)(2)(C), and we review such sanctions only for abuse of discretion in light of the totality of the circumstances. *Toma v. City of Weatherford,* 846 F.2d 58, 60 (10th Cir.1988). Because dismissal is a harsh sanction involving considerations of due process, *id.* at 60, the trial court should dismiss a claim as a discovery sanction "only when a party has willfully or in bad faith disobeyed a discovery order." *In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir.1987) (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212, 78

**3.** Maria Cecelia Gocolay, as special administrator of Mr. Gocolay's estate, served as substitute plaintiff in this appeal.

S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958)), *cert. dism'd*, 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988). A "willful failure" is " 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.' " *Standard Metals*, 817 F.2d at 628–29 (quoting *Patterson v. C.I.T. Corp.*, 352 F.2d 333, 336 (10th Cir.1965)).

▮ Although the district court dismissed Mr. Gocolay's claim without prejudice, New Mexico Federal concedes the dismissal was, for all practical purposes, a dismissal *with* prejudice because the statute of limitations had expired on all Mr. Gocolay's claims. Dismissal under circumstances that defeat altogether a litigant's right to redress grievances in the courts "is a severe sanction, 'applicable only in the extreme circumstances' ... [and] should be used as 'a weapon of last, rather than first, resort.' " *Meade v. Grubbs*, 841 F.2d 1512, 1520 n. 6 (10th Cir.1988) (quoting *Ford v. Fogarty Van Lines, Inc.*, 780 F.2d 1582, 1583 (11th Cir.1986), and *Maggette v. Dalsheim*, 709 F.2d 800, 803 (2d Cir.1983)); *see also* other cases cited *id.* at 1520 n. 6. Furthermore, the law favors the resolution of legal claims on the merits. *Grubbs*, 841 F.2d at 1520 (quoting *Davis v. Parkhill–Goodloe Co.*, 302 F.2d 489 (5th Cir.1962)); *see also Meeker v. Rizley*, 324 F.2d 269, 271–72 (10th Cir.1963). Dismissal is generally appropriate " 'only where a lesser sanction would not serve the interest of justice.' " *Grubbs*, 841 F.2d at 1520 (quoting *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir.1986)); *see also In re Rains*, 946 F.2d 731, 733 (10th Cir. 1991).

▮ Foremost, the district court failed to make a finding that Mr. Gocolay willfully or in bad faith violated the court-ordered deposition deadline. Absent a finding of willful disregard or other bad faith, reversal is required. *See Rains*, 946 F.2d at 733–34. Even had the district court made such a finding, the record detailing Mr. Gocolay's inability to complete the deposition by the ordered deadline clearly does not justify the dismissal of his lawsuit.

The record indicates Mr. Gocolay suffered from chronic health problems rendering him physically unable to comply with the court's discovery order. Two independent cardiologists attested to Mr. Gocolay's fragile health and the dangers associated with long distance travel. Each cautioned that stress associated with a continued deposition might threaten Mr. Gocolay's life. Although the court suspected Mr. Gocolay was "hiding behind his health," no contrary medical evidence exists to refute Mr. Gocolay's claimed illness or his physicians' diagnosis. In fact, the record indicates Mr. Gocolay's medical condition predated the first deposition and suggests he did not fabricate his health claims to avoid the deposition as New Mexico Federal implies. Mr. Gocolay's willingness to complete the deposition is readily apparent as he attended the first deposition against his physician's advice and discontinued the deposition only after Dr. Ryan ordered his immediate return to San Francisco.

The magistrate judge's rejection of Mr. Gocolay's motions to modify the deadline order or limit the continued deposition left Mr. Gocolay with two undesirable options: forfeit his claim against New Mexico Federal or risk possible deadly health consequences by disobeying his physicians' orders and attending the deposition before the end of February. Given the circumstances detailed in the record, the district court should not have placed Mr. Gocolay in such a precarious position. The more appropriate course would have been to simply limit the use of Mr. Gocolay's direct examination at trial to prevent undue prejudice to New Mexico Federal.

Of course, severe sanctions are occasionally necessary "in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). Neither of these policy considerations is served by dismissal here.

New Mexico Federal argues Mr. Gocolay not only failed to appear for his deposition, but also failed to provide other court-ordered discovery which did not impinge upon

his health. New Mexico Federal's argument is without merit because the district court based its order solely on Mr. Gocolay's failure to complete his deposition by the February deadline and made no mention of other discovery violations.

In short, trial courts must not only encourage appropriate discovery, but must equally discourage abusive discovery. Mr. Gocolay testified on direct examination for one day and was subjected to cross-examination for two days before doctors ordered an end to the deposition. This clearly demonstrates Mr. Gocolay's desire to permit and participate in discovery. Imposing sanctions on Mr. Gocolay for debilitating health problems beyond his control was a clear abuse of discretion. As the district court noted when discussing the unavailability of a key witness in any action due to health problems: "[T]hat's just the breaks of the game. You don't get to depose him ... if his health is that bad."

Accordingly, the district court's order is vacated.

REVERSED AND REMANDED.