**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM CURRY MYLES,

      Plaintiff-Appellee,

v.

OESMAN SAPTA,

      Defendant-Appellant.

Nos. 96-6374
&
97-6023
(D.C. No. CIV-95-1794-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals from two separate decisions of the district court in this diversity contract/tort action. In appeal No. 96-6374, he challenges the entry of default judgment for plaintiff, and the dismissal of his own counterclaims, for noncompliance with court orders regarding attendance at a discovery deposition. See Fed. R. Civ. P. 37(b)(2)(C). He also objects to the procedure followed, and the award made, with respect to damages on the defaulted claims. In appeal No. 97-6023, defendant challenges the post-judgment appointment of a receiver, deemed necessary by the district court in light of defendant's return to his native Indonesia. For reasons explained below, we reverse the judgment entered against defendant and, consequently, vacate the receiver's appointment. Any issues relating to the determination of damages are moot.

Before reaching the merits, we address the suggestion that subject matter jurisdiction may be undermined by lack of diversity between the parties. Permanent resident aliens are deemed citizens of their state of domicile under 28 U.S.C. § 1332(a), and defendant notes he acquired such status while residing in Oklahoma--plaintiff's domicile as well--shortly after this suit was filed. However, "diversity of citizenship is assessed at the time the action is filed" and "may not be divested by subsequent events." Freeport-McMoRan Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). When plaintiff brought this action, diversity existed under § 1332(a)(2) (recognizing diversity "between . . . citizens

-2-

of a State and citizens or subjects of a foreign state"). Hence, federal jurisdiction properly attached at commencement and remained unaffected by later events. See Foy v. Schantz, Schatzman & Aaronson, P.A., 108 F.3d 1347, 1349-50 (11th Cir. 1997). We therefore turn to the merits.

In light of due process concerns raised by the conclusive foreclosure of legal rights, the district court may not enter a judgment of dismissal or default as a sanction without finding "willful" noncompliance or bad faith, which in this context means a voluntary, intentional refusal to comply with a discovery order. See Gocolay v. New Mexico Fed. Sav. & Loan Ass'n, 968 F.2d 1017, 1020-21 (10th Cir. 1992); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872-73 (10th Cir. 1987). We review such a sanction generally for abuse of discretion, see Gocolay, 968 F.2d at 1020, but we assess any supporting factual findings under the clear error standard, see Olcott v. Delaware Flood Co., 76 F.3d 1538, 1557 (10th Cir. 1996). Thus, while we gauge the appropriateness of the sanction by reference to the totality of the surrounding circumstances, see id., we must first determine that sufficient evidence establishes the specific instance(s) of willful noncompliance on which the sanction is based, compare Toma v. City of Weatherford, 846 F.2d 58, 60-61 (10th Cir. 1988) (reversing dismissal where record did not support finding that sanctioned noncompliance was willful)

with Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (affirming dismissal where finding of willful misconduct was "not clearly erroneous").

Defendant did not appear for a scheduled deposition on August 5, 1996. He claimed that health problems, associated with an aggravation of uncontrolled diabetes recently requiring hospitalization, precluded his travel from Indonesia to Oklahoma City for the deposition. On plaintiff's ensuing motion to compel, the district court ordered defendant to pay expenses necessitated by his last-minute cancellation and to make himself available for deposition within fourteen days, i.e., by September 13. On September 11, defendant's counsel moved for a protective order, seeking to postpone the deposition until receipt of medical clearance from defendant's treating physicians. After the deposition deadline passed, but before any ruling on the protective order, plaintiff moved for default judgment and the dismissal of defendant's counterclaims. The district court granted plaintiff's motion on September 30, 1996.

Defendant contends that the district court never made the requisite finding of willful noncompliance and, moreover, that the record is insufficient to support such a finding in any event. Both of these contentions have merit.

Absent a finding of willfulness to support dismissal or default, "reversal is required." Gocolay, 968 F.2d at 1021. Further, an explicit finding is necessary; this circuit has refused to cure omissions in this regard by inferring

-4-

the requisite willfulness from the characterization of noncompliance as merely unexcused or unjustified. See, e.g., Ruplinger v. Rains (In re Rains), 946 F.2d 731, 733 (10th Cir. 1991) (holding district court's statement that party "offered no excuse for his failure to comply" was "not the equivalent of a finding of willful noncompliance, and thus d[id] not meet the due process standard required to justify a default"); M.E.N. Co., 834 F.2d at 873 n.4 (refusing to infer finding of willfulness from district court's statement that reasons given for parties' noncompliance were "without legal justification"). Here, the district court found only that defendant had refused to comply with a deposition order on the basis of a medical excuse it deemed unsubstantiated; the court did not find, for example, that defendant had deliberately "fabricat[ed] his health claims to avoid the deposition." Gocolay, 968 F.2d at 1021. We cannot meaningfully distinguish the district court's finding in this case from those necessitating reversal in Rains and M.E.N. Co.

Furthermore, the scant evidentiary record regarding defendant's medical condition would not warrant a finding that his failure to appear for the ordered deposition was willful. Documentation from his treating physicians in Indonesia, though short on specifics, showed that he had been hospitalized at least three times during the previous year and a half, twice in very close proximity to the pertinent time-frame (once in mid-July and once in mid-September 1996).

See App. II at 473-75, 513. It also indicated that in between the latter hospitalizations defendant remained under "treatment/medication" and "in need of total rest." Id. at 549. The situation depicted in these materials certainly does not reflect willful noncompliance in connection with defendant's failure to travel halfway round the globe for his deposition. Cf. Gocolay, 968 F.2d at 1021 (reversing dismissal and citing similar medical evidence which "suggest[ed] [the sanctioned party] did not fabricate his health claims to avoid [his] deposition").

Plaintiff attempted to undercut defendant's evidence with affidavits from two doctors who indicated that they would have cleared defendant to attend the deposition if all they had to rely on was the meager medical documentation in the record. See App. II at 499, 527. The latter qualification points up the deficiency of this evidence--these doctors had never even examined defendant, much less overseen his course of treatment. The only medical information they possessed was that which happened to accompany the treating physicians' directions regarding hospitalization and rest, and both doctors admitted that, as a result, they lacked facts needed for a fully informed assessment of defendant's condition. Any finding that defendant was fabricating health problems in a willful effort to subvert discovery would require much more substantial evidence than is present in our record.

The district court's determination of the factual premise for the sanctions imposed was procedurally and substantively deficient. We must therefore reverse the judgment entered against defendant. Our disposition should not, however, be understood as approving defendant's overall conduct of the case, or as affording him a continuing excuse from discovery. Should he resist subsequent deposition requests, and the district court expressly find from substantial evidence that such resistance is unjustified and willful, nothing in our decision today would preclude the court's resort to conclusive sanctions. Further, the court may reasonably insist on additional evidence detailing the nature and extent of defendant's medical disability, and sanction defendant if he should willfully refuse to comply with a direct order to obtain and submit such evidence.

Because we reverse the judgment entered against defendant, the district court's appointment of a receiver to assist collection efforts must be vacated. However, in case a receiver should again be considered, we note that the court's use of state law for this purpose, through the general "execution" provision in Fed. R. Civ. P. 69, was improper. In light of the numerous federal provisions specifically governing federal receiverships, see, e.g., Fed. R. Civ. P. 66, 17(b); 28 U.S.C. §§ 754, 958, 959(a), "[t]he appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles." Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 316

(8th Cir. 1993); <u>see</u> 13 James Wm. Moore, Moore's Federal Practice § 66.09 (3d ed. 1997); <u>see, e.g.,</u> <u>Britton v. Green</u>, 325 F.2d 377, 382 (10th Cir. 1963) (imposing federal limitation on appointment of receiver "even though a State court, exercising concurrent jurisdiction, may have appropriately appointed a Receiver in the same circumstances"); <u>Inland Empire Ins. Co. v. Freed</u>, 239 F.2d 289, 292 (10th Cir. 1956) (holding to same effect and noting that broad state receivership provisions "cannot therefore add to the equitable powers of a federal [district court] sitting in that State").

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is remanded for further proceedings consistent with this order and judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge