**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAYA RODRIGUEZ,

      Plaintiff-Appellant,

v.

STATE OF COLORADO,

      Defendant-Appellee.

No. 12-1494

(D.C. No. 1:12-CV-02216-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Plaintiff Maya Rodriguez filed a *pro se* complaint against the State of Colorado alleging, as determined by the district court, violations of Section 504 of the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rehabilitation Act of 1973, 29 U.S.C. § 794, and a deprivation of her constitutional rights pursuant to 42 U.S.C. § 1983. Exercising its authority under Fed. R. Civ. Proc. 41(b), the district court *sua sponte* dismissed the complaint for failure to comply with Fed. R. Civ. Proc. 8. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for proceedings consistent with this order.

"We review dismissals under Rule 41(b) for abuse of discretion." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1161 (10th Cir. 2007). "But what we consider compliant with this standard depends in great measure on the nature of the district court's dismissal—that is, whether the dismissal was ordered with or without prejudice to subsequent attempts at amendment." Id. at 1161-62. If a district court dismisses a case without prejudice, it need not follow any specific procedure because the plaintiff retains the ability to refile his or her case. Id. at 1162. If a district court dismisses a case with prejudice, though, "it must first consider certain criteria." Id. "[T]hese criteria include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Id. (quotation omitted).

The district court here dismissed Rodriguez's case without prejudice after Rodriguez failed to comply with Fed. R. Civ. P. 8. Specifically, the district court held that Rodriguez's amended complaints did not "set forth a short and plain notice of her

2

claims showing that she is entitled to relief." Dist. Ct. Op. at 2; see Fed. R. Civ. P. 8(a)(2). Thus, the complaints did "not provide enough information to inform the Court or the Defendants about the factual basis of the claims." Dist. Ct. Op. at 2-3. Rodriguez filed the amended complaints after a magistrate judge had issued an order saying her claims would be dismissed if they were not corrected in accordance with Fed. R. Civ. P. 8.

This dismissal without prejudice would normally merit our applying the most deferential abuse of discretion standard. However, we treat a dismissal without prejudice as a dismissal with prejudice when the statute of limitations has run on the claims. Gocolay v. N.M. Fed. Sav. & Loan Ass'n, 968 F.2d 1017, 1021 (10th Cir. 1992) ("Although the district court dismissed Mr. Gocolay's claim without prejudice, New Mexico Federal concedes the dismissal was, for all practical purposes, a dismissal *with* prejudice because the statute of limitations had expired on all Mr. Gocolay's claims."). This is because "[d]ismissal under circumstances that defeat altogether a litigant's right to redress grievances in the courts is a severe sanction, applicable only in the extreme circumstances and should be used as a weapon of last, rather than first, resort." Id. (quotations omitted). We must therefore examine whether the statute of limitations has arguably run on Rodriguez's claims. See Boazman v. Economics Lab., Inc., 537 F.2d 210, 213 (5th Cir. 1974) ("[W]here the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with

3

prejudice.").

The statute of limitations for 42 U.S.C. § 1983 and 29 U.S.C. § 794 claims brought in Colorado is two years from the time the cause of action accrued. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (two-year statute of limitations applies to 42 U.S.C. § 1983 claims brought in Colorado); Baker v. Bd. of Regents, 991 F.2d 628, 631-32 (10th Cir. 1993) (holding statute of limitations for 29 U.S.C. § 794 claim same as statute of limitations for 42 U.S.C. § 1983 claim). Rodriguez alleges these violations occurred at some point in 2010. ROA Vol I. at 69-71. The district court should have considered that the two-year statute of limitations may have expired between the filing and the dismissal of the complaint.[1] Its failure to do so means that, were we to affirm the dismissal without prejudice, we would nonetheless almost certainly be putting an end to Rodriguez's case. We do not believe it would be appropriate to affirm without the district court having considered that Rodriguez had no notice of the potential consequence of filing a deficient amended complaint.[2] Cf. Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) ("We join those circuits that have declined to apply the waiver rule to a pro se's litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to the findings and recommendations."); Hall v.

---

[1] This is not, however, to say that some of these claims will not be time barred. Rodriguez filed her complaint on August 20, 2012. The statute of limitations may have run then on claims that accrued before August 20, 2010.

[2] The order of the magistrate judge warned that the complaint would be dismissed if not properly amended. But as discussed above, a dismissal without prejudice would not normally bar a plaintiff from refiling his or her complaint.

4

Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) ("Furthermore, district courts must take care to insure that pro se litigants are provided with proper notice regarding complex procedural issues involved in summary judgment proceedings.") (quotation and italics omitted).

We therefore REVERSE and REMAND for further proceedings, and Rodriguez's motion to appeal *in forma pauperis* is GRANTED.[3] We express no opinion regarding whether the district court should nonetheless dismiss the case even though Rodriguez may be time barred from raising the claims in the future. We simply direct the district court to consider the potential consequences of dismissing the case in light of the factors set forth in Nasious.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[3] Our resolution of the *in forma pauperis* issue rests upon a comparison of the forms used in each of our respective courts. The district court denied Rodriguez's motion to proceed IFP on appeal in part because her financial form was not notarized. Her motion in the appellate court also lacks notarization. However, the standard form we provide to litigants does not appear to make any mention of requiring notarization, unlike the district court form, which specifically has a space where the document is to be notarized.