**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MAYA RODRIGUEZ,

    Plaintiff - Appellant,

v.

STATE OF COLORADO,

    Defendant - Appellee.

No. 13-1266
(D.C. No. 1:12-CV-02216-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Maya Rodriguez, a prisoner in Colorado, filed a *pro se* complaint against the state, alleging, as far as the district court could determine, violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the deprivation of her constitutional rights under 42 U.S.C. § 1983. But it was hard to discern the basis of her claims — the district court found that her filing did not meet the minimal notice pleading requirements of Fed. R. Civ. P. 8, and ordered

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

her to amend it. Her second attempt fared no better. Neither did her third, despite the court's warning that another deficient filing might result in dismissal. Finally, the district court dismissed her complaint without prejudice under Fed. R. Civ. P. 41(b).

She had only slightly better results from her first appeal earlier this year. There, we noted that the statute of limitations on some of Ms. Rodriguez's claims might have run, meaning that even a dismissal without prejudice would effectively end her case. We remanded for the district court to consider the factors identified in *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007), and decide whether dismissal was nevertheless warranted. *See Rodriguez v. Colorado*, No. 12-1494, 2013 WL 1169429 (10th Cir. Mar. 22, 2013). On remand, the district court offered Ms. Rodriguez a *fourth* opportunity to amend her pleadings. But after two months passed with no new pleading — or indeed any other communication from Ms. Rodriguez — the district court again dismissed her case in a careful six-page opinion addressing each of the relevant factors. Ms. Rodriguez now appeals this latest dismissal.

We see no reversible error here. Ms. Rodriguez's brief identifies no flaw in the district court's reasoning. Neither do we discern any after our own independent examination. Accordingly, for the same reasons given by the district court, we affirm the dismissal below. We also deny Ms. Rodriguez's motion to

proceed *in forma pauperis*, as she fails to present a non-frivolous argument on appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge