**CONSTITUTION BANK**

v.

**Paul LEVINE, et al.**

**Civ. A. No. 92–2192.**

United States District Court,
E.D. Pennsylvania.

Sept. 14, 1993.

Brian P. Kenney, Mark J. Schwemler, Frederick P. Santarelli, Elliott, Vanaskie & Riley, Blue Bell, PA, for Constitution Bank.

Paul M. Levine, pro se.

Alan J. Hoffman, James T. Smith, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for Gerald S. Segal, Segal, Wolf, Berk, Gaines & Liss, P.C.

Vincent Paletta, pro se.

Action Porta Systems, Inc., c/o Vincent Paletta, pro se.

Michael W. Ullman, Wendi I. Rosen, Ullman & Ullman, P.A., N. Miami Beach, FL, for Capital Bank.

Thomas F. Carney, Jr., Boynton Beach, FL, for Carney Bank.

Todd E. Levine, pro se.

## MEMORANDUM AND ORDER

O'NEILL, District Judge.

Currently before the Court are a number of discovery motions, which I address seriatim.

### A. Motions to Compel Filed by Plaintiff

On May 4, 1993, this Court granted plaintiff's motion for leave to file a second amended complaint. The second amended complaint, *inter alia*, added Todd Levine as a defendant to this action. It alleges that Todd Levine prepared fraudulent personal financial statements for his parents and received fraudulently transferred assets from his father Paul Levine.

██ On July 28, 1993, plaintiff filed a petition for contempt, sanctions and award of attorneys' fees against defendants Paul Levine and Todd Levine. Essentially, plaintiff contends that defendants' refusal to comply with this Court's Order dated June 29, 1993 granting plaintiff's motion for expedited production of documents pertaining to BKT, Inc. ("BKT") constitutes contempt. It asks the Court to declare the Levines in contempt of Court, to order defendants to produce the requested documents pertaining to BKT, Inc. and to award plaintiff costs, expenses and fees for its efforts incurred in filing its petition.

Defendant responds that plaintiff's request for production on BKT is invalid because BKT is not a party to this litigation. It also asserts that because BKT is a corporate entity, plaintiff may not pierce the corporate veil to reach its officers and directors, who always have been members of the Levine family. *See* Exhibit E to plaintiff's petition (BKT's annual filings with Florida listing Levines as officers and directors).

In its response opposing plaintiff's original motion for discovery, defendant offered similar arguments, which I rejected in issuing my Order on June 29, 1993. Accordingly, these arguments will not be considered herein.

Defendant's arguments do not persuade me that they should not be sanctioned for failing to obey the Court's Order. "The propriety of the discovery sought is not in issue at the time sanctions are being imposed under [Fed.R.Civ.P.] Rule 37(b)." Charles Alan Wright and Arthur R. Miller, 8 Federal Practice and Procedure (1970), § 2289 at 791.

Fed.R.Civ.P. Rule 37 authorizes the Court to sanction a party for failing to comply with discovery. Rule 37(b)(2) states specifically:

If a party ... fails to obey an order to provide or permit discovery, including an order made under supervision subdivision (a) of this rule ..., the court in which the action is pending may make such orders in regard to the failure as are just, ...

The rule also provides that the Court may require the party failing to comply with the discovery order to pay reasonable expenses, including attorney's fees, caused by the party's failure to comply. Wright and Miller, 8 Federal Practice and Procedure, § 2289 at 792. Accordingly, I will grant plaintiff's petition for sanctions. Plaintiff may file and submit for the Court's consideration an itemization of expenses incurred by defendants' failure to comply with discovery. Defendants may respond within ten days from filing.

The second motion before the Court is plaintiff's motion to compel production of documents and more specific responses to interrogatories from defendants Paul Levine and Marcia Levine. Plaintiff's motion details defendants' failure to respond completely to plaintiff's request for production of documents dated February 19, 1993. Defendants respond generally the documents are not relevant to this case. I disagree. In addition, my review of defendants' answers to plaintiff's second set of interrogatories leads me to conclude that defendants still have not answered adequately some interrogatories posed by plaintiff. Accordingly, I will grant plaintiff's motion to compel.

■ Plaintiff also has filed a motion to compel production of documents from defendant Todd Levine. Defendant objects to producing any of the documents requested because, he asserts, the documents are not relevant to this litigation. Defendant has not persuaded me that his position is correct given the broad definition of relevance articulated in Fed.R.Civ.P. Rule 26.[1] The documents requested are financial records pertaining to transactions involving the Levines, who are the defendants in this suit over their allegedly fraudulent transactions. Accordingly, I will grant plaintiff's motion to compel.

### B. Motions Pertaining to Subpoenas

■ On August 11, 1993, defendant Vincent Paletta, who is not represented by counsel, filed a motion to quash subpoenas issued to Chemical Bank and Michael Brock, also known as Michael Broccoliere. The Chemical Bank subpoena directed an officer in the bank's office in Moorestown, New Jersey, to provide monthly bank statements from three accounts and the history of a $200,000 certificate of deposit in Paletta's name. The Brock subpoena, which identified his address as a location in Summerdale, New Jersey, directed him to appear for a deposition and to produce documents pertaining to, *inter alia*, his business transactions with the defendants in this case. Both subpoenas were issued in the Eastern District of Pennsylvania.

Paletta objected to the subpoenas on the grounds that they violated the terms of a stay authorized by a bankruptcy court in Florida.[2] He also asserted that "plaintiff's wrongful actions constitute an invasion of privacy and a blatant misuse of the discovery process."

In its response, plaintiff asserted that the documents sought from the non-parties were relevant to its racketeering case against all defendants and that obtaining records from those entities did not constitute an action against Paletta. After reviewing both parties' submissions, I agree with plaintiff. *See In re Barsky*, 11 B.R. 478, 480 (E.D.Pa.1981) (The subpoena "was not issued against the debtors but instead was directed to the debtors' accountants, thereby placing the applicability of this section [the automatic stay provision of 11 U.S.C. § 362(a) ] in doubt."). Accordingly, I will deny defendant's motion to quash.

On August 31, 1993, Paletta filed a similar motion to quash subpoenas issued to Joel Rosenberg, whose address was a location in Huntington Valley, Pennsylvania, and Waste Management of North America, Inc., a company with an office in Bensalem, Pennsylvania. The subpoenas directed Rosenberg and Waste Management to appear for depositions and to produce records relating to their business dealings with most of the defendants in this case. Both subpoenas were issued in the Eastern District of Pennsylvania. Again, I am not persuaded that defendant's position is correct. Accordingly, I will deny defendant's motion to quash.

Paletta's conduct has prompted plaintiff to file a cross-motion requesting that this Court prohibit Paletta, who is appearing *pro se,* from filing a motion to quash in the future without first obtaining leave of the court. At this juncture, I am not persuaded that such a measure is necessary. Accordingly, I will deny plaintiff's cross-motion.

The dispute between the parties as to the validity of subpoenas obtained by plaintiff has prompted several non-parties to seek clarification of their obligations before this Court. On August 20, 1993, a pair of Florida banks filed motions that they already had filed in the Southern District of Florida in this Court.[3] Specifically, Capital Bank, located in Miami, Florida, filed a motion for in-

---

1. Fed.R.Civ.P.Rule 26(b)(1) provides: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, . . . ."

2. Attached to plaintiff's motion was an Order dated May 11, 1993, and issued by the United States Bankruptcy Court in the Middle District of Florida discharging Paletta of all dischargeable debts.

3. Both banks originally filed their motions in the Southern District of Florida on August 12, 1993.

structions [4] relating to a subpoena issued on July 28, 1993. The subpoena was issued by the United States District Court for the Southern District of Florida in this Court.

Carney Bank, located in Boynton Beach, Florida, filed a virtually identical motion relating to a subpoena issued by the United States District Court for the Southern District of Florida in this Court. On September 8, Carney Bank filed the same motion, attaching as an exhibit a one-page Order issued by the District Court in the Southern District of Florida. The District Court in Florida ruled that under Fed.R.Civ.P. Rule 26(c), it did not have jurisdiction over discovery motions in this case.[5]

▮ Because the Florida District Court has declined to exercise jurisdiction over these discovery disputes, see Fed.R.Civ.P. Rule 45(a)(2), I will resolve the motions pertaining to subpoenas originally filed with that court and subsequently submitted here. Because I believe the records requested in the subpoena are relevant to this dispute, I will deny the banks' motions for protective orders and will not quash the subpoenas.

On September 7, 1993, defendant Todd Levine filed a motion to quash subpoenas served on four Florida banks: Barnett Bank, Carney Bank, Capital Bank and South Florida Bank. Because I believe the records requested in the subpoena are relevant to this dispute, I will deny his motion to quash.

C. Defendants' Motion to Compel

On August 20, 1993, defendants Paul and Marcia Levine filed a motion to compel attendance of Robert Mazzei, a Constitution Bank official, at deposition. Plaintiff's response included a letter from its counsel to counsel for the Segal defendants stating that Mazzei was available to be deposed after September 13, 1993. Because plaintiff has no objection to producing Mazzei, I will deny defendants' motion to compel as moot.

AND NOW, upon this 14th day of September 1993, upon consideration of the discovery motions filed by plaintiff, defendants, nonparties and the responses thereto, it is hereby ORDERED that:

1. Plaintiff's petition for sanctions is GRANTED.

2. Plaintiff's motion to compel production of documents and more specific responses to interrogatories from defendants Paul Levine and Marcia Levine is GRANTED. Defendants are to answer fully all interrogatories asked and to provide all documents requested by Constitution Bank within ten days from the date of this Order. Defendants also must comply with their Duty of Self-Executing Disclosure within ten days of this Order.

3. Plaintiff's motion to compel production of documents from defendant Todd Levine is GRANTED. Defendant is to provide all documents requested by Constitution Bank within ten days from the date of this Order.

4. Defendant Vincent Paletta's Motion to Quash or, in the Alternative, Motion for Protective Order, filed August 11, 1993, is DENIED. Chemical Bank and Michael Brock are ordered to comply with the subpoenas previously served upon them.

5. Defendant Vincent Paletta's Motion to Quash or, in the Alternative, Motion for Protective Order, filed August 31, 1993, is DENIED. Joel Rosenberg and Waste Management of North America, Inc., are ordered to comply with the subpoenas previously served upon them.

6. Plaintiff's cross-motion to prohibit Vincent Paletta from filing further motions is DENIED.

7. Capital Bank's motion for a protective order is DENIED. The bank is ordered to comply with the previously served subpoena.

8. Carney Bank's motion for a protective order is DENIED. The bank is ordered to comply with the previously served subpoena.

---

**4.** Capital Bank calls its pleading a Motion for Instructions or, in the Alternative, for Protective Order.

**5.** Fed.R.Civ.P. Rule 26(c) provides: "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown,

the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, ...."

9. Defendant Todd Levine's motion to quash, dated September 7, 1993, is DENIED. Barnett Bank, Carney Bank, Capital Bank and South Florida Bank are ordered to comply with the subpoenas previously served upon them.

10. Defendants' motion to compel attendance of Robert Mazzei at deposition is DENIED.