Uma **VISWANATHAN for herself individually and on behalf of all others similarly situated, Plaintiff,**

v.

**SCOTLAND COUNTY BOARD OF EDUCATION, Dr. David A. Martin, in his individual and official capacity, Linda Douglas, in her official and individual capacity, Ray Oxendine, in his official and individual capacity, Malcolm Forde, in his official and individual capacity, and others to be named, Defendants.**

No. 3:94CV00004.

United States District Court,
M.D. North Carolina,
Rockingham Division.

Feb. 6, 1995.

---

Uma Viswanathan, pro se, for plaintiff.

Nickolas J. Sojka, Jr., Williamson, Dean, Brown, Williamson & Purcell, Laurinburg, N.C., for defendants.

**MEMORANDUM OPINION**

BEATY, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss. For the reasons stated herein, this motion will be granted.

## 1. BACKGROUND

Plaintiff Uma Viswanathan brought an action for employment discrimination against the above named defendants. Since that time she has filed a plethora of motions.[1]

The magistrate judge issued an order regarding discovery. At the time of the order, Plaintiff had twice failed to appear at her scheduled deposition. The magistrate judge ordered that Plaintiff be sanctioned for her failure to appear at the second scheduled deposition. *Viswanathan v. Scotland County Board of Education,* No. 3:94CV0004 (M.D.N.C. August 22, 1994) (magistrate judge's order granting sanctions). The sanctions amounted to $1,125.12, which was the calculation of attorneys' fees and other expenses for the second aborted deposition. (*Id.* at 5, 9).

This Order included several factual findings about the Plaintiff and her second failure to appear. The magistrate judge found that "Plaintiff's objections are not only not well-founded but indicate a pattern of a lack

1. These motions are: Plaintiff's Response to Defendants' Motion for an Extension of Time Allowed to Answer or Otherwise Respond to Complaint (Pleading # 7), Plaintiff's Motion for Class Action Determination under Local Rule 212(b) and Federal Rule 23(c)(1) (# 11), Plaintiff's First Set of Interrogatories (# 12), Plaintiff's Motion under Local Rule 108(a)(2) for Extension of Time to Provide Supplementation under Federal Rule 26(e)(2) of a Prior Response to Interrogatories (# 17), Plaintiff's Motion for Extension of Time to File Reply–Brief in Response to Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Action Determination (# 18), Plaintiff's Motion to Quash Defendants' Subpoena: Motion for Protective Order (# 24); Plaintiff's Motion for Vacating Defendants' Notice of Deposition: Motion for Protective Order (# 25); Plaintiff's Motion for Extension of the Discovery Period and of (sic) Request for More Discovery; and Plaintiff's Request for Judicial Notice (# 44), Plaintiff's Motion to Strike Paragraphs 4 & 5 of "Defendants' Motion for Protective Order Regarding Untimely Requests for Admissions" (# 48), Plaintiff's Motion to Strike Paragraphs 4 & 5 of "Defendant's Motion for Protective Order Regarding Untimely Discovery" (# 49), Plaintiff's Application for Stay of Magistrate Judge's Order Pursuant to Local Rule 405(d) (# 57), Plaintiff's Objections to and Appeal from the Magistrate Judge's Order under Rule 72(a) Fed.R.Civ.P. (# 58), Plaintiff's Motion under Local Rule 206(b) for Extension of Time to File and Serve Dispositive Motions Together with Supporting Briefs (# 62), Plaintiff's Motion to Strike Counsel's Affidavit and Deposition Transcript, Plaintiff's Motion for Judgment on the Pleadings under Rule 12(c), Plaintiff's Motion to Strike Insufficient Defenses in Defendants' Answer, Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Appeal from the Magistrate Judge's Order (# 64); Plaintiff's Exception to the Order of the Court Granting Extension of Time and for the Defendants to File and Serve Motion for Summary Judgment pursuant to Rules 46 and 61, Fed.R.Civ.P. (# 80), Plaintiff's Motion to Strike Defendants' Memorandum in Opposition to Plaintiff's Rule 12 Motions (later withdrawn) (# 85), and Plaintiff's Motion for Leave to Amend Pleadings # 83, 84 and 85 pursuant to Rules 15(A) and (B), Rule 7(b)(2), and 6(b)(2) of the Fed.R.Civ.Pro. (# 91). Plaintiff's replies and responses to Defendant's motions are not included.

of good faith." (*Id.* at 3). The magistrate judge also found that "Plaintiff has been actively non-cooperative and non-compliant in an attempt to harass and intimidate Defendants and/or run up the costs of this litigation." (*Id.* at 5). The magistrate judge also stated that "the Court ... fails to find any evidence that she took any positive steps to cooperate in the scheduling of her deposition. Rather, all of the evidence is to the contrary." (*Id.* at 6). The magistrate judge further remarked that "Plaintiff has not cooperated with discovery but has been intransigent and combative." (*Id.*) The magistrate judge found that Plaintiff's argument explaining why she should not have to appear at the deposition was "not only an insufficient but insincere reason for failing to appear at her deposition." (*Id.*)

The magistrate judge ordered that Plaintiff appear for a third deposition on either September 13, 14, or 15, 1994, the precise date to be determined by the defendants. The magistrate judge made it expressly clear that disobedience of this order on the part of the Plaintiff would result in the dismissal of her case, stating, "Plaintiff is forewarned that failure to so appear at her deposition shall be grounds for dismissing her action without further notice." (*Id.* at 9).

Plaintiff failed to appear at the third scheduled deposition. According to Defendants' Motion to Dismiss, Plaintiff informed them the night before the third scheduled deposition that she would not appear the next day, citing an unexplained conflict. She did not offer further explanation of this conflict, nor did she inform the court of her reasons for failure to appear. Defendant now moves for dismissal and for monetary sanctions for Plaintiff's third failure to appear at her deposition.

2. DISCUSSION

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the appropriate sanctions for failure to obey a discovery order, stating in pertinent part: "If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following ... (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party...."

The Fourth Circuit has held that the district court had not abused its discretion by granting the sanction of judgment by default against the defendant for the defendant's refusal to comply with discovery requests. *Mut. Fed. Sav. and Loan Ass'n. v. Richards & Assocs. Inc.,* 872 F.2d 88 (4th Cir.1989). In the *Mutual* case, the magistrate judge had threatened to hold the defendants in contempt if they did not perform their discovery obligations. *Id.* at 90. Later, the judge imposed monetary sanctions and warned the defendants that they could lose by default if they refused to cooperate. *Id.*

The *Mutual* Court set out the law as regarding the court's discretion to impose harsh sanctions for a party's abuse of the discovery process. "Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders. Thus, it is only for an abuse of discretion that a reviewing court may reverse the decision of the district court." *Id.* at 92.

The Fourth Circuit has set out a four-part test for determining when to dismiss an action or to grant judgment by default: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Id.* Dismissal should be reserved for "flagrant" cases, where "the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules...." *Id.* "In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Id.* at 92.

The *Mutual* Court has explained the purpose behind allowing a district court to enter judgment as a discovery sanction:

"Entrance of default judgment against the defendants ... [is] an unmistakable message to them and to others that the judicial system will not tolerate repeated misconduct never wholly remedied in the future. To find otherwise would be to send the opposite message that the court may be pushed, ignored and defied to the outermost limits so long as the noncomplying party has even an inadequate fallback act ready in the wings should the final curtain be falling."

*Id.* at 94. *Accord, Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 642–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976) (approving district court's dismissal under "abuse of discretion" standard and noting its deterrence value to other plaintiffs); *Hyde & Drath v. Baker,* 24 F.3d 1162 (9th Cir.1994) (affirming district court's dismissal of a plaintiff who claimed he could not attend a deposition due to illness); *Phipps v. Blakeney,* 8 F.3d 788 (11th Cir.1993) (allowing dismissal without explicit consideration of less severe sanctions when plaintiff refused to follow discovery orders even after threatened with dismissal). *Cf. Wilson v. Volkswagen of America, Inc.* 561 F.2d 494, 503–04 (4th Cir.1977) (explaining that default judgment should not be granted unless the plaintiff has demonstrated "flagrant bad faith" or " 'callous disregard' of its obligation under the Rules") (quoting *Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976)), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978); *Toma v. City of Weatherford,* 846 F.2d 58 (10th Cir.1988) (excusing plaintiff's failure to appear at deposition on short notice when defendant knew that plaintiff was at police academy in a different state and could not attend); *Griffin v. Aluminum Co. of Am.,* 564 F.2d 1171 (5th Cir.1977) (distinguishing single failure to appear at deposition due to misunderstanding of discovery rules, for which monetary sanction may be appropriate, from repeated violations and/or bad faith, for which dismissal may be appropriate).

▮ In this case, the magistrate judge found that Plaintiff was acting in bad faith. Defendants have suffered a substantial amount of prejudice in the form of wasted time, attorneys' fees, and inability to obtain information necessary to prepare their defense. It is important that litigants be deterred from flouting a magistrate judge's orders, especially the plaintiff in this case. Parties must follow discovery orders, even if they plan to appeal.[2]

In addition, Plaintiff's history has shown that less severe sanctions have simply not worked. Plaintiff, after receiving a money penalty and a warning that her case would be dismissed, failed to appear at her third deposition. Her refusal to cooperate with the magistrate judge's scheduling order *and* her failure to follow a direct order regarding her next deposition indicates that dismissal is the only way to preserve the integrity of the justice system in this case.

### 3. CONCLUSION

Plaintiff Viswanathan has demonstrated flagrant bad faith; and callous disregard of

---

**2.** The fact that Plaintiff has appealed the magistrate judge's order and applied for a stay does not relieve her of her obligation to obey the magistrate's direct order regarding her third deposition. *See Valentine v. Museum of Modern Art,* 29 F.3d 47 (2nd Cir.1994). In the *Valentine* case, the plaintiff, having failed to appear for a deposition, stated "... [h]aving appealed against your [the judge's] decision, the matter is now sub judice, it's out of your hands. You cannot give me any instructions at all." *Id.* at 49. The Second Circuit Court of Appeals affirmed the district court's dismissal, commenting, "The record in this case reveals Valentine's sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action. We see no abuse of discretion in the court's imposition of that sanction in the circumstances of the present case." *Id.* at 50.

*See also Constitution Bank v. Levine,* 151 F.R.D. 278, 279 (E.D.Pa.1993) ("The propriety of the discovery sought is not in issue at the time sanctions are being imposed under [Fed.R.Civ.P.] Rule 37(b).") (quoting 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2289, at 790–91 (1st ed. 1970); updated as 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure,* § 2289, at 670 (2d. ed. 1994)) (alteration in original).

her obligation to obey the discovery schedule set out by the magistrate judge, and also a specific, written order to attend a deposition. The magistrate judge's efforts to induce her cooperation have included a monetary sanction, and even an explicit warning that her case would be dismissed if she did not appear at the third scheduled deposition. These efforts have been unsuccessful. Plaintiff's history reveals that she does not intend to obey the Federal Rules of Civil Procedure or the orders of this Court. Accordingly, the Court in its discretion under Rule 37(b)(2) of the Federal Rules of Civil Procedure will grant Defendants' Motion to Dismiss.