**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 27, 2006**

**TENTH CIRCUIT**

CHARLES H. CLEMENTS,

      Plaintiff/Counter-Defendant-
Appellant,

v.

JANIS E. CHAPMAN; KATHERINE
GRIER,

      Defendants-Appellees,

THOMAS C. "DOC" MILLER,

      Defendant/Counter-Claimant-
Appellee.

Nos. 05-1362 & 05-1429

(D.C. No. 04-CIV-2455-REB-BNB)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

ordered submitted without oral argument.

Plaintiff Charles Clements, appearing pro se, appeals from the district court's dismissal of his civil complaint against defendants Janis Chapman, Katherine Grier, and Thomas Miller. Plaintiff also appeals from the district court's order granting defendant Grier's motion for sanctions under Federal Rule of Civil Procedure 11. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

In 2003, Clements initiated a domestic relations case against his now ex-wife, Victoria Lawler, in the District Court of Adams County, Colorado. Clements was represented in the matter by defendant Miller. Lawler was represented by defendant Grier. At some point which is unclear from the record, defendant Chapman, a state magistrate judge, was assigned to preside over Clements' case. According to Clements, Chapman proceeded to hold an ex parte hearing in the case without giving Clements notice or an opportunity to present evidence, and subsequently "issued orders ex parte" that "overturn[ed] the orders" issued by the magistrate judge initially assigned to the case. Aplt. Reply Br. at 1. Apparently, the "ex parte orders" allegedly issued by defendant Chapman were not in Clements' favor. It is unclear from the record whether Clements appealed from the rulings issued by defendant Chapman.

On November 26, 2004, Clements initiated these federal proceedings by filing a civil complaint against defendants Chapman, Grier and Miller. Although the allegations in his complaint were quite vague, Clements appeared to be asserting that, during the

course of his domestic relations case in Colorado state court, Grier and Miller engaged in a telephone conversation on March 4, 2004, during which Grier, in order to gain an "advantage" in the domestic relations case, (a) threatened Clements with "unfounded criminal charges, arrest and incarceration," (b) indicated that she had "improper influence with [defendant] Chapman," and (c) warned that defendant Chapman held "judicial bias . . . towards 'common law' parties, to include [Clements]." ROA, Doc. 1 at 3. Clements' complaint further alleged that Miller relayed Grier's statements and threats to Clements, and that Clements felt "extorted" to comply with "illegal orders" entered in the domestic relations case. Id. at 4. Ultimately, Clements alleged, these "illegal orders" wrongfully deprived him of money and "parenting time with his progeny . . . ." Id. Based upon these allegations, Clements asserted violations of 42 U.S.C. §§ 1983, 1985 and 1986, "R.C. 1979" (which he characterized in his complaint as authorizing "Civil damages for criminal acts"), eleven federal criminal statutes (18 U.S.C. §§ 241, 242, 572, 872, 875(c), 1001, 1341, 1343, 1512, 1621, and 1951(b)(2)), and four Colorado criminal statutes (Colo. Rev. Stat. §§ 18-3-207, 18-5-114, 18-8-704, and 18-8-707).

Defendants responded to Clements' complaint by filing separate motions to dismiss. Defendant Grier also filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. On June 17, 2005, the magistrate judge issued two recommendations recommending that defendants' motions to dismiss be granted. More specifically, the magistrate judge recommended that (a) all claims arising out of the issuance of orders in the state domestic relations case be dismissed for lack of subject matter jurisdiction

-3-

pursuant to the Rooker-Feldman doctrine, (b) all claims asserted against Grier and Miller pursuant to 42 U.S.C. § 1983 be dismissed due to Clements' failure to reasonably allege that Grier and Miller were state actors or that they acted in concert with Chapman, (c) all claims asserted pursuant to 42 U.S.C. §§ 1985 and 1986 be dismissed due to the complaint's failure to allege any race or class-based discriminatory animus, (d) all claims asserted pursuant to "R.C. 1979" be dismissed as having no basis in the law, (e) all of the purported violations of federal criminal statutes be dismissed on the grounds that none of the cited statutes supported a private right of action, and (f) the district court should decline to exercise supplemental jurisdiction over the purported violations of Colorado state law.

On July 22, 2005, the district court issued an order adopting the magistrate judge's recommendations and dismissing Clements' complaint in its entirety. On August 29, 2005, the district court issued an order granting defendant Grier's motion for Rule 11 sanctions and ordering Clements to pay $5,000.00 in sanctions. Grier filed separate notices of appeal from these two orders.

## II.

### *Appeal No. 05-1362*

In Appeal No. 05-1362, Clements appeals the district court's dismissal of his complaint. We review de novo the district court's decision to dismiss portions of Clements' complaint for lack of subject matter jurisdiction. City of Albuquerque v. U.S. Dept. of Interior, 379 F.3d 901, 906 (10th Cir. 2004). Likewise, "[b]ecause the

-4-

sufficiency of a complaint is a question of law, we review de novo the district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), applying the same standards as the district court." Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). "That is, all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the non-moving party." Id. (internal quotation marks omitted).

*Lack of subject matter jurisdiction*

The district court concluded that, to the extent Clements' complaint sought "redress for injuries actually and proximately caused by the state court judgment, the claims [we]re barred by the Rooker-Feldman doctrine." ROA, Doc. 72 at 5. We agree. The Rooker-Feldman doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 126 S.Ct. 1198, 1201 (2006). In other words, the doctrine applies where, as here, "a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Id. at 1202. Thus, we conclude the district court properly dismissed those portions of Clements' complaint that, in effect, sought to appeal unfavorable rulings issued by defendant Chapman in the state domestic relations case.

*Judicial immunity*

The district court concluded that, "[e]ven if the claims against Defendant Chapman were not barred by the Rooker-Feldman Doctrine, they would be barred by judicial immunity." ROA, Doc. 71 at 4 n.3 (underlining added). We again agree. It is well-

-5-

established "that, generally, a judge is immune from a suit for money damages." Mireles

v. Waco, 502 U.S. 9, 9 (1991) (per curiam). The doctrine of judicial immunity ensures

"that a judicial officer, in exercising the authority vested in him, shall be free to act upon

his own convictions, without apprehension of personal consequences to himself." Id. at

10 (internal quotation marks omitted). "'[J]udicial immunity is not overcome by

allegations of bad faith or malice . . . .'" Guttman v. Khalsa, 446 F.3d 1027, 1033-34

(10th Cir. 2006) (quoting Mireles, 502 U.S. at 12). "Only accusations that a judge was

not acting in his judicial capacity or that he acted in the complete absence of all

jurisdiction can overcome absolute immunity." Id. at 1034. Here, as noted by the

magistrate judge, Clements' allegations against Chapman do not fall within this latter

exception. Rather, Clements' allegations against Chapman are based on acts she

performed in her judicial capacity and within her jurisdiction as a state magistrate judge.

Thus, Chapman is clearly entitled to judicial immunity from Clements' suit.

*Section 1983 claims against Grier and Miller*

To the extent that Clements sought relief against defendants Grier and Miller under

42 U.S.C. § 1983, he was obligated to demonstrate that they were acting "under color of

state law." West v. Atkins, 487 U.S. 42, 48 (1988). Clements' complaint, however,

acknowledged that both Grier and Miller were private actors, i.e., attorneys in private

practice who were retained by Clements and his ex-wife to represent them in the state

domestic relations case. Although Clements' complaint also made fleeting references to

Grier and Miller having acted in concert with defendant Chapman, we agree with the

-6-

district court that those conclusory allegations were insufficient to satisfy the "state actor" requirement of § 1983.

*Section 1985 and 1986 claims against Grier and Miller*

Clements' complaint also purported to assert claims against Grier and Miller for violations of 42 U.S.C. §§ 1985 and 1986. The district court concluded, however, and we agree after reviewing the record on appeal, that Clements' complaint is void of any allegations of racial or class-based discriminatory animus on the part of Grier and Miller, as is necessary to support the claims against them under §§ 1985 and 1986. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Steinert v. Winn Group, Inc., 440 F.3d 1214, 1225 and n.13 (10th Cir. 2006). Thus, Clements' complaint failed to state a claim for relief under §§ 1985 or 1986.

*Violations of federal criminal statutes*

The district court concluded, and we agree, that none of the federal criminal statutes cited by Clements in his complaint provide for a private cause of action. See generally Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law). Although Clements contends that 42 U.S.C. § 1983[1] authorizes him, as a private citizen, to pursue violations of federal criminal law,

---

[1] Clements repeatedly refers in his appellate pleadings to "42 U.S.C.A. § 1979." However, no such statute exists. Liberally construing Clements' pleadings, we conclude that his references to "42 U.S.C.A. § 1979," in combination with his additional references to "R.C. 1979" and "R.S. 1979," are intended to refer to Revised Statute 1979 (enacted in 1874), which is now designated as 42 U.S.C. § 1983 in the United States Code. See generally Mahone v. Waddle, 564 F.2d 1018, 1037 n.1 (3d Cir. 1977) (discussing history of § 1983).

he is clearly mistaken. Section 1983 cannot "fill the gap" for what is clearly absent from the federal criminal statutes cited by Clements, i.e., the existence of a private right of action to enforce those statutes. See Blessing v. Freestone, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*."). Thus, we conclude the district court properly dismissed the portion of Clements' complaint asserting violations of federal criminal statutes.

*State law claims*

The district court declined to exercise supplemental jurisdiction over Clements' state law claims which, as noted, were all based on alleged violations of Colorado criminal law. We conclude there was no abuse of discretion on the part of the district court in doing so. See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction").

*Appeal No. 05-1429*

In Appeal No. 05-1429, Clements appeals the district court's order granting defendant Grier's motion for sanctions under Rule 11. We review for abuse of discretion the district court's decision to impose Rule 11 sanctions. See Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am., 935 F.2d 1152, 1155 (10th Cir. 1991).

"Under Rule 11, the person who signs a pleading, motion or other paper filed with the court, certifies that he or she has conducted a reasonable inquiry into the factual and

legal basis for the filing, and that the substance of the filing is well-grounded in fact and law." Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir. 1992) (citing Fed. R. Civ. P. 11). In order to comply with Rule 11 and avoid sanctions thereunder, a pro se party's actions must be objectively reasonable. White v. Gen. Motors Corp., 908 F.2d 675, 680 (10th Cir. 1990); see Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies]").

Here, defendant Grier filed her motion for sanctions on February 28, 2005, well prior to the district court ruling on her motion to dismiss. In her motion for sanctions, Grier noted that, after receiving a copy of Clements' complaint, she sent Clements a "safe-harbor/Rule 11 letter" advising him that his claims against her were unfounded in law or fact, and that she would be seeking sanctions if he persisted in pursuing them. The record indicates that Clements essentially ignored the letter and continued to pursue his claims against Grier. Further, Clements filed a written response to Grier's motion for sanctions asserting that any deficiencies in his complaint were merely insignificant procedural and/or typographic errors.

In addressing Grier's motion for sanctions, the district court noted that, in addition to being advised by defendant Grier that his claims were frivolous, Clements had previously been "warned by th[e] Court that his claims were frivolous when his proposed amended complaint (which asserted the same claims but attempted to add defendant Miller's attorney as a defendant) was refused because it was prolix and tedious and asserted claims that appeared to be frivolous and vexatious." ROA, Doc. 91 at 11.

Continuing, the district court concluded that "[n]o reasonable person in [Clements']
position would assert twenty baseless claims in federal court against counsel who
opposed him in a state domestic proceeding, especially after being expressly warned by
the attorney and the court that his claims were frivolous." Id. at 12. Thus, the district
court concluded that "Rule 11 sanctions [we]re appropriate – not because [Clements'] pro
se Complaint demonstrate[d] a mere misunderstanding of the law – but because
[Clements] [wa]s clearly motivated by a purposeful desire to harass Grier." Id. After
taking into account Clements' financial situation, as well as Clements' past history of
filing baseless lawsuits, the district court concluded "that a $5,000.00 sanction [wa]s
necessary to deter future meritless litigation, without being excessive." Id. at 14.

After closely examining the record on appeal, we conclude the district court did
not abuse its discretion in deciding to impose Rule 11 sanctions against Clements, or in
selecting the amount of the sanction. See Adams v. State of N.M., 930 F.2d 32, 1991 WL
35222 (10th Cir. 1991) (unpublished decision) (affirming imposition of Rule 11 sanctions
directing pro se plaintiff to pay the defendants' attorneys' fees and costs in the amount of
$3,054.00).

The judgment of the district court is AFFIRMED. Clements' motion to proceed on

appeal in forma pauperis is DENIED.  The motion to strike the appellant's brief is

DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge