**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

MICHAEL R. LYNCH,

      Plaintiff - Appellant,

v.

LLOYD T. BULMAN, JOHN
LATHAM LATTA, individually and
as an Officer, Shareholder and/or
Agent of John L. Latta P.C., a
Professional corporation; JOHN
CASE, individually and as a Partner,
Shareholder and/or Agent of Benson &
Case, LLP, a Limited Liability
Partnership,

      Defendants - Appellees.

No. 06-1018
(D. Colorado)
(D.Ct. No. 03-cv-2112-WYD-BNB)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

_____

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

therefore ordered submitted without oral argument.

Plaintiff Michael R. Lynch, an inmate in the custody of the State of Colorado, appeals *pro se* from the district court's dismissal of his civil rights complaint.[1] We affirm in part and reverse in part.

## I. Background

In 1999, Everald Grace Nichols filed a complaint with the Denver District Attorney's Office claiming Lynch's father stole money from her while acting as her attorney in fact. Lloyd Bulman, an investigator for the District Attorney's Office, investigated the complaint. During the investigation, Nichols and her attorney, John Latta, provided information to Bulman concerning the alleged theft. Based on Bulman's investigation, the District Attorney's Office decided to prosecute not only his father, but Lynch as well, and filed an information charging Lynch with theft and conspiracy to commit theft. Bulman prepared an affidavit in support of an arrest warrant for Lynch. The warrant was issued and Lynch was arrested on July 7, 2000. In November 2001, a jury convicted him of both counts. He was subsequently sentenced to a total of fourteen years imprisonment. The Colorado Court of Appeals affirmed his conviction and sentence; the Colorado Supreme Court denied certiorari. In the meantime, in

---

[1] We previously denied Lynch's motion to proceed *in forma pauperis* on appeal and required him to pay the full filing fee to avoid dismissal of his appeal. Lynch has paid the fee.

2000, Latta filed a civil complaint on Nichols' behalf against Lynch and his father.  In May/June 2001, Nichols retained John Case to serve as co-counsel.  During the civil suit, Latta issued a subpoena to Community Choice Credit Union for production of Lynch's bank account records.  The civil suit never proceeded to trial because Lynch filed for bankruptcy on the eve of trial

In October 2003, Lynch filed suit against Bulman, Latta and Case (Defendants) under 42 U.S.C. § 1983.  He subsequently filed an amended complaint alleging, in essence, (1) Bulman's affidavit in support of the warrant for Lynch's arrest was fraudulent and therefore Lynch's arrest and subsequent detention in the Denver City Jail were unlawful and (2) Latta and Case illegally obtained Lynch's bank account records from Community Choice Credit Union and provided them to Bulman.  He asserted this conduct violated the Colorado Constitution, various Colorado statutes, the Colorado Rules of Professional Conduct, 18 U.S.C. §§ 241-242, the automatic stay provision of the United States Bankruptcy Code (11 U.S.C. § 362) and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.  Defendants filed motions to dismiss or in the alternative motions for summary judgment.  The magistrate judge recommended granting the motions.  Lynch objected to the recommendation and filed a motion for leave to file a second amended complaint.  The district court adopted the magistrate's recommendation.  It also denied Lynch's motion for leave to amend because (1) it was untimely, (2) Lynch had already been

granted an opportunity to amend and (3) any amendment would be futile.

Lynch's subsequent motions to vacate or modify the court's order under Rules 59

and 60 of the Federal Rules of Civil Procedure were also denied.

## II. Standard of Review

Lynch challenges the grant of Defendants' motions to dismiss or in the

alternative motions for summary judgment, the denial of leave to amend his

complaint and the denial of his post-judgment motions. While the court did not

clarify whether it was reviewing Defendants' motions as motions to dismiss or

motions for summary judgment, because the motions referred to materials outside

the complaint and the court relied upon those materials in ruling on the motions,

the court treated the motions as motions for summary judgment. *Burnham v.

Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005).[2] We

review *de novo* a grant of summary judgment, applying the same legal standard

---

[2] When a court converts a motion to dismiss into a motion for summary judgment, "it must provide the parties with notice so that all factual allegations may be met with countervailing evidence. However, if a party is not prejudiced by the conversion, the court of appeals should proceed with the appeal, relying upon summary judgment standards, without remanding." *Burnham*, 403 F.3d at 713. Although the court did not notify Lynch that it would be treating Defendants' motions as motions for summary judgment, Lynch was not prejudiced. Defendants' motions were titled motions to dismiss or in the alternative motions for summary judgment and referenced materials outside of the complaint. Additionally, it is clear from Lynch's responses to the motions that he was aware the district court could convert them into motions for summary judgment. Moreover, he had the opportunity to introduce evidence not contained in the complaint; in fact, his responses to Defendants' motions referred to materials outside of the complaint. *Id.* at 714*; see also Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006); *Lamb v. Rizzo*, 391 F.3d 1133, 1137 n.3 (10th Cir. 2004).

-4-

used by the district court under Rule 56(c) of the Federal Rules of Civil Procedure. *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1182 (10th Cir. 1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We review for an abuse of discretion the denial of Lynch's motion for leave to amend and his post-judgment motions. *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1086-87 (10th Cir. 2005) (motions to amend); *Buchanan v. Sherrill*, 51 F.3d 227, 230 (10th Cir. 1995) (post-judgment motions).

## III.  Discussion

### A.  *18 U.S.C. §§ 241 and 242*

The district court properly rejected Lynch's claim that Defendants violated 18 U.S.C. §§ 241 and 242.[3] These statutes do not provide him with a private

---

[3] Section 241 provides in relevant part:

Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . [t]hey shall be fined under this title or imprisoned not more than ten years, or both . . . .

Section 242 states in relevant part:

cause of action and § 1983 does not allow him to pursue a violation of federal criminal law. *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (holding 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action)*; see also Clements v. Chapman*, 189 Fed. App. 688, 692 (10th Cir. 2006) (unpublished) (federal criminal statutes do not provide private causes of action and § 1983 does not allow a plaintiff to pursue violations of federal criminal law); *Henry v. Albuquerque Police Dep't*, 49 Fed. App. 272, 273 (10th Cir. 2002) (unpublished) (18 U.S.C. §§ 241 and 242 do not provide for a private civil cause of action).[4]

B. *Bankruptcy Code's Automatic Stay Provision*

Lynch's claim that Defendants violated the bankruptcy code's automatic stay provision (11 U.S.C. § 362) by obtaining copies of his bank account records

---

Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both . . . .

[4] Unpublished opinions are not binding precedent. We refer to *Clements* and *Henry* as we would any other scholarly work and rely on them only to the extent they have logical, persuasive value. *See* 10TH CIR. R. APP. P. 32.1(A).

is also without merit.[5]  Section 362(a)(1), (3) stays "the commencement or continuation [of an] action or proceeding *against the debtor*" and "any act to obtain possession of *property of the estate* or . . . to exercise control over *property of the estate*."  (Emphasis added).  Defendants obtained copies of the bank account records through subpoenas issued to the bank.  Nothing in the record suggests the account was seized or even frozen.  Defendants merely obtained information about the account.  Because the records do not constitute "property of the estate" and the issuance of the subpoena was not an action "against the debtor," Defendants' conduct in obtaining these records did not violate § 362.  *Constitution Bank v. Levine*, 151 F.R.D. 278, 280 (E.D. Pa. 1993) (subpoena issued to bank for production of debtor's bank records did not violate

---

[5] The district court rejected Lynch's claim that Defendants violated the bankruptcy code's automatic stay provision for two reasons.  First, it concluded the automatic stay provision did not provide Lynch with a private cause of action.  The court was mistaken.  *See* 11 U.S.C. § 362(k) (2006) ("[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.").  Nevertheless, the circuits are divided as to whether district courts have original (as opposed to appellate) jurisdiction over such actions.  *Compare Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005) (district courts have original jurisdiction over § 362(k) (formerly § 362(h)) actions), *with Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117, 121 (2d Cir. 2001) (bankruptcy courts, not district courts, have original jurisdiction over § 362(k) (formerly § 362(h)) actions).  We have yet to decide the issue.  Second, relying on a California district court case, the court determined a § 1983 action could not be based on a violation of the bankruptcy code.  We have not decided this issue either.  Due to the uncertainty surrounding the court's conclusions, we choose to affirm on a different basis.  *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) ("We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.").

automatic stay); *In re Barsky*, 11 B.R. 478, 479-80 (Bankr. E.D. Pa. 1981) (Pennsylvania's Department of Revenue's issuance of subpoena to debtor's accountants for production of documents relating to preparation of debtor's tax returns did not violate automatic stay); *see also Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 21 (1995) (concluding a bank account does not consist of depositor's money but rather is a bank's promise to pay depositor; therefore, bank's placement of administrative hold on debtor's bank account for amount debtor owed bank did not violate automatic stay because bank was not taking possession of or exercising control over debtor's property but rather merely refusing to perform its promise to pay).

C. *Federal Constitutional Claims*

Lynch's federal constitutional claims also fail. Lynch failed to allege any facts supporting his Fifth and Fourteenth Amendment due process claims and his Fourteenth Amendment privileges and immunities and equal protection claims.

With regard to his Fourth Amendment unlawful arrest/detention claims, the district court dismissed them without prejudice under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). It concluded Lynch could

not prove lack of probable cause for his arrest without first proving his conviction was invalid. We disagree. Although Defendants claimed in the district court that Bulman's statements in his affidavit in support of probable cause for the arrest warrant were based on the same evidence used to convict Lynch, this claim was unsupported and the court did not make such a finding. Therefore, it is unclear whether a judgment in favor of Lynch on his unlawful arrest claim would necessarily imply the invalidity of his conviction or sentence. Indeed, *Heck* generally does not apply to unlawful arrest claims. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558-59 & n.4 (10th Cir. 1999) (finding *Heck* did not apply to plaintiff's unlawful arrest claim based on a lack of probable cause).[6] Nevertheless, we reject Lynch's unlawful arrest/detention claims. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) ("We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.").

"[A]n arrest warrant must be supported by probable cause to comply with the Fourth Amendment." *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996). "Probable cause for an arrest warrant is established by demonstrating a

_____

[6] An exception to the general rule exists when an individual convicted of resisting arrest, *i.e.*, intentionally preventing a police officer from effecting a lawful arrest, brings a § 1983 action challenging the legality of his arrest. Under these circumstances, in order to prevail, the individual would have to negate an element of the offense of conviction. *See Heck*, 512 U.S. at 486 n.6; *Beck*, 195 F.3d 553 at 558-59.

substantial probability that a crime has been committed and that a specific individual committed the crime." *Id.* (quotations omitted). It is a Fourth Amendment violation for a police officer to "knowingly, or with reckless disregard for the truth," include false statements in an affidavit in support of an arrest warrant or to "knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause." *Id.* (quotations omitted). Lynch has not presented any evidence suggesting Bulman included the allegedly false statements, or omitted any facts, knowingly or with reckless disregard for the truth. *Id.* at 1563 (concluding summary judgment appropriate on illegal arrest claim, where, *inter alia*, plaintiff presented no evidence suggesting the officer included the false statements or omitted any facts knowingly or with reckless disregard for the truth). Furthermore, even were we to remove the allegedly false statements and add the alleged omissions, *see id.*, Bulman's affidavit still would have provided probable cause for the arrest warrant. Specifically, it still would have established, *inter alia*, (1) Lynch, without Nichols' permission, withdrew money from her bank accounts to pay off debts/loans not belonging to her, (2) Lynch, without Nichols' permission, issued checks from her bank accounts to businesses linked with Lynch (Lynch had unlimited access to these businesses' bank accounts and handled their finances) and (3) this money has never been paid back. Because Lynch's arrest was lawful, his subsequent detention in the city jail was valid. Therefore, Lynch's unlawful arrest/detention claims were improperly

dismissed without prejudice; Defendants were entitled to summary judgment on these claims.

D. *State Law Claims*

Lynch's claims based on allegations Defendants violated the Colorado Constitution, various Colorado statues and the Colorado Rules of Professional Conduct are not cognizable under § 1983. "Section 1983 does not . . . provide a basis for redressing violations of *state* law, but only for those violations of *federal* law done under color of state law. *Jones v. City & County of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir. 1988); *see also* 42 U.S.C. § 1983 ("Every person who, under color of [state law,] . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable . . . ."). To the extent Lynch seeks to bring claims directly under these provisions or other state law claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over them. *Exum v. United States Olympic Comm.*, 389 F.3d 1130, 1138 (10th Cir. 2004). Because the court properly granted summary judgment to Defendants on Lynch's federal claims, the court was well within its discretion in declining supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction"); *Exum*, 389 F.3d at 1138-39.

-11-

Given that Lynch's claims are baseless, the court did not abuse its discretion in denying Lynch's motion for leave to amend and his post-judgment motions.

## IV.  Conclusion

We **REVERSE** the district court's dismissal without prejudice of Lynch's Fourth Amendment unlawful arrest/detention claims (Claims 1-4), **AFFIRM** the court's grant of summary judgment to Defendants as to the remainder of Lynch's claims and **REMAND** with instructions that the court enter summary judgment to Defendants on Lynch's Fourth Amendment unlawful arrest/detention claims (Claims 1-4).  Lynch's "Motion to Permit Filing of Lynch's Two Reply Briefs," "Motion To Supplement Lynch's Opening and Reply Briefs" and "Supplement to Motion to Supplement Lynch's Opening and Reply Briefs" are **GRANTED**.  His "Motion to Supplement, Correct, and Complete the Record on Appeal" and "Motion for Limited Remand to Correct and Supplement the Record on Appeal" are **DENIED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

Briscoe, J., concurring in the result.