**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

TENNESSEE BOARD OF JUDICIAL
CONDUCT,

     Defendant - Appellee.

No. 17-4056
(D.C. No. 2:17-CV-00175-BSJ)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Cedric Greene, proceeding pro se, appeals the district court's dismissal of his

complaint against the Tennessee Board of Judicial Conduct ("the Board").

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In February 2017, Greene filed a complaint with the Board against a state

court judge who had previously dismissed Greene's civil lawsuit.  Greene then sued

the Board in U.S. District Court for the District of Utah, challenging its decision.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court appropriately dismissed for lack of subject matter jurisdiction. Greene does not argue that diversity jurisdiction exists under 28 U.S.C. § 1332(a). His only asserted basis for federal question jurisdiction is 18 U.S.C. § 1001, which is a criminal statute that does not confer jurisdiction in this civil lawsuit. <u>See</u> 28 U.S.C. § 1331; <u>Clements v. Chapman</u>, 189 F. App'x 688, 690, 692 (10th Cir. 2006) (unpublished) (section 1001 does not provide for private cause of action).

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge