**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY RAY MARTINEZ,

       Plaintiff-Appellant,

       v.

DAVID O. MARTINEZ, individually
and in his official capacity as a Denver
Deputy Sheriff; SGT. SULLIVAN,
individually and in his official
capacity as a Denver Deputy Sheriff;
SGT. ROMERO, individually and in
his official capacity as a Denver
Deputy Sheriff,

       Defendants-Appellees.

No. 05-1269

District of Colorado

(D.C. No. 05-CV-00171-ZLW)

---

**ORDER AND JUDGMENT***

---

Before **MURPHY**, **SEYMOUR, and McCONNELL**, Circuit Judges.

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Anthony Martinez is a state prisoner. He brought a *pro se* complaint alleging that he was assaulted by a guard and forced to occupy a filthy cell while at the Denver County Jail. The district court dismissed Mr. Martinez's claims without prejudice because they might imply the invalidity of a criminal conviction and because of a failure to plead exhaustion of administrative remedies. Although we have no occasion to reach the merits of his claims, because of our duty not to read the pleadings of a *pro se* litigant hypercritically, we **AFFIRM** in part, **REVERSE** in part, and **REMAND** for further proceedings.[2]

Mr. Martinez brought three claims, all, apparently, under 42 U.S.C. § 1983 and all related to his time in the Denver County Jail. In the first, he alleged that Deputy Sheriff David O. Martinez assaulted him. The magistrate judge and the district court read this as an allegation of assault on two occasions, May 8 and May 15, 2004. Mr. Martinez (the plaintiff) was himself convicted of assaulting Deputy Sheriff Martinez on May 15. In his second claim, Mr. Martinez alleged that Sgt. Sullivan refused to transfer him to a unit away from Deputy Sheriff Martinez. In his third claim, he alleged that from May 15 until May 19, 2004, and from August 19 until at least September 21, 2004, Sgt. Romero forced him to occupy a cell with blood and feces and would not let him clean the cell, shower,

---

[2]It is said that you catch more flies with honey than with vinegar, and Mr. Martinez seems to have taken this saying to heart. Affixed to Exhibit 12 of his federal complaint is the top of a container of grape jelly. Grateful as we are that Mr. Martinez submitted jelly rather than vinegar, we are unswayed by this evidence and consider only the more usual submissions.

make telephone calls, or file grievances. A magistrate judge ordered Mr. Martinez to show cause why his claims should not be dismissed, and the district court then dismissed all three claims without prejudice. The first two claims were dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), on the ground that they could imply the invalidity of Mr. Martinez's conviction from the May 15 altercation. The third claim was dismissed for failure to exhaust administrative remedies.

The district court dismissed the first two claims because it concluded that the assaults on May 8 and May 15 had an "interlocking relationship." Order 2. In other words, because Mr. Martinez was "attempting to establish that he was a victim of Defendant Martinez's continuing pattern to assault inmates," the suit could imply that Mr. Martinez's own assault conviction was invalid. *Id.* In his complaint, however, Mr. Martinez did not allege a pattern of assault. Although he did mention the May 15 altercation, he did not make any legal claim based on it. Under the heading "Nature of the Case," Mr. Martinez said:

> While I was on writ to Denver County Jail I was assaulted by Deputy David O. Martinez on May 8[th] 2004.
>
> I told supervi[so]r of Unit 22 Sgt. Sullivan abo[u]t the assault & he did not remove me from this unit & on May 15[th] I was again in a combat situation with Deputy Martinez.

Complaint 3. Mr. Martinez's first claim, under the heading "Assault," was a description of the May 8 incident and did not mention the May 15 incident. His

second claim, under the heading "Deliberate Indifference," described Sgt. Sullivan's unwillingness to move him to a different unit. At the end of the claim, Mr. Martinez did mention the May 15 incident:

> [Sgt. Sullivan] refused to move me from [building] 22 on May 9th 2004 & on May 15th 2004. I was in a combat with Deputy David O. Martinez & I was criminally charged with assault.

> If Sgt. Sullivan would have moved me like I beg[g]ed Deputy David O. Martinez & I would not have had contact on May 15th 2004 & I would not have got charged with [third-degree] assault on a police officer for protecting myself.

Complaint 5. We cannot agree with the district court that Mr. Martinez was alleging assault on two occasions or that these occasions are "interlocking incidents" that require the same legal conclusion. We express no view on the merits of the claim, but it is perfectly conceivable that a prisoner and a guard may have two altercations, separated by a week, for one of which the prisoner is properly convicted of assault and for the other of which the guard is properly subjected to tort liability. Because Mr. Martinez is bringing a claim for assault on May 8 and for the subsequent failure to transfer him, not for the May 15 incident for which he was himself convicted of assault, he does not imply the invalidity of his conviction. *Heck v. Humphrey* is therefore no bar to his first two claims.

The district court dismissed the third claim because Mr. Martinez had not met his burden of pleading exhaustion of administrative remedies. To meet his pleading requirement, Mr. Martinez must "attach a copy of the applicable

administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003) (alterations and quotation marks omitted). In his complaint, Mr. Martinez described his prison conditions at two different times, May 2004 and August to September 2004. On appeal, he raises only his prison conditions in May 2004. According to the district court, Mr. Martinez failed to plead exhaustion of remedies for his prison conditions claim for May 2004:

> [Mr. Martinez] failed to state with specificity how he had exhausted or attempted to exhaust Claim Three or, in the alternative, to attach copies of administrative proceedings indicating how he exhausted or attempted to exhaust his administrative remedies.

Order 3.[3] In his complaint and his response to the order to show cause, Mr. Martinez said that he filed grievances at the Denver County Jail, that he made six or seven attempts to contact the Denver County Jail once he was transferred to another correctional facility, that he received no response, that it was Sgt. Romero who refused to answer the grievances, and that at least one of the complaints after his transfer was sent to the Denver County Jail as legal mail, all without response. Mr. Martinez's general allegations that he was not listened to on a number of occasions do not "describe with specificity the administrative proceeding and its

---

[3]Mr. Martinez did attach to his complaint a grievance from August 25, 2004, but as noted, Mr. Martinez appeals only with respect to his prison conditions in May 2004.

outcome." *Steele*, 355 F.3d at 1210 (quotation marks omitted). Moreover, even after being given an order to show cause, he failed to explain either the substance or the form of his complaints. We therefore affirm the dismissal of Mr. Martinez's prison conditions claim with respect to May 2004, because Mr. Martinez has failed to plead exhaustion of administrative remedies.

The judgment of the United States District Court for the District of Colorado is therefore **AFFIRMED** in part and **REVERSED** in part and the case is **REMANDED** for further proceedings not inconsistent with this opinion. Appellant's motion to pay the filing fee in partial payments is **GRANTED**. He is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full.

Entered for the Court,

Michael W. McConnell
Circuit Judge