**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY RAY MARTINEZ,

     Plaintiff-Appellant,

v.

DENVER DEPUTY SHERIFF,
DAVID O. MARTINEZ, in his official
and individual capacity; DENVER
DEPUTY SHERIFF SGT.
SULLIVAN, in his official and
individual capacity; DENVER
DEPUTY SHERIFF SGT. ROMERO,
in his official and individual capacity,

     Defendants-Appellees.

No. 08-1065

(D.C. No. 05-cv-0171-EWN-BNB)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined that oral argument would not materially assist in the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

therefore ordered submitted without oral argument.

Anthony Ray Martinez appears *pro se* and seeks review of the district court's dismissal of his civil rights claims for failure to prosecute. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and we REVERSE and REMAND.

Mr. Martinez initially set forth three claims against three members of the Denver Sheriff's office—David Martinez, the Denver Deputy Sheriff, and Sergeants Sullivan and Romero ("the defendants"). The first two claims concern allegations that David Martinez assaulted Anthony Ray Martinez and that Sergeant Sullivan was deliberately indifferent regarding this assault. The third claim alleged that Sergeant Romero forced Mr. Martinez to occupy a dirty cell. Citing to Heck v. Humphrey, 512 U.S. 477 (1994), the district court dismissed the first two claims. We reversed the dismissal of those claims. Martinez v. Martinez, 189 F. App'x 815, 817 (10th Cir. 2006). The district court dismissed Mr. Martinez's third claim for failure to plead exhaustion of administrative remedies. We affirmed that dismissal. Id. at 818.

On November 26, 2007, plaintiff was ordered to show cause by December 10, 2007, for lack of prosecution and failure to comply with court orders. This show cause order stemmed from Mr. Martinez's failure to appear at a preliminary pretrial conference and failure to notify the court. Mr. Martinez did not contact the court by the stated deadline. On December 11, 2007, the magistrate judge

assigned recommended that this case be dismissed without prejudice for lack of prosecution and failure to follow court orders. The recommendation advised the parties that they had "10 days after service of this recommendation to serve and file specific, written objections." R. at 90, 2-3. Additionally, the recommendation warned that "[a] party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge . . . and also waives appellate review of both factual and legal objections." R. at 90, 2 (citations omitted).

On January 3, 2008, Mr. Martinez filed a "Notice to Show Cause for Non-Communication with the Honorable Court." In this filing, Mr. Martinez explained that he was unable to contact the court:

> I was . . . arrested and taken to the Denver County Jail, and was unable to get to the [l]aw library to prepare the needed documents for the court. I was [] taken to the Chyanne [sic] Mountain Re-entry Center where I was put in to Segregation, and once again unable to get to the [l]aw library. I was [] transported back to the Denver County Jail where I've been in Building 22-C. And now after over 30 days I can complete the motion and send it to the court . . . .

R. at 91, 1.

On January 8, 2008, the district court accepted the magistrate judge's recommendation. The order accepting the recommendation stated that "no party has objected to the recommendation" and that the district court "conducted the requisite *de novo* review of the issues, the record, and the recommendation." R. at 93, 1. "Based on this review, [the district court] . . . concluded that the

recommendation is a correct application of the facts and the law." Id. Accordingly, the district court dismissed Mr. Martinez's claims without prejudice. This order does not mention Mr. Martinez's filing on January 3, 2008. Mr. Martinez then filed the present appeal.

After Mr. Martinez appealed, the magistrate judge denied Mr. Martinez's motion for reconsideration, which is how he interpreted Mr. Martinez's January 3, 2008 notice filing. Distinguishing the filing from a substantive response to the show cause order, the judge emphasized that the notice filing only explained that Mr. Martinez did not have access to a law library to prepare court materials, but did not explain that Mr. Martinez did not know of his obligations to the court and the corresponding dates for those obligations.

Although not addressed by either party, we conclude that we have jurisdiction under 28 U.S.C. § 1291 to review the dismissal of Mr. Martinez's action. Section 1291 gives this court "jurisdiction of appeals from the district courts of the United States . . . ." 28 U.S.C. § 1291. The requirement of finality "is to be given a 'practical rather than a technical construction.'" Moya v. Schollenbarger, 465 F.3d 444, 449 (10th Cir. 2006) (quoting Sherman v. Am. Fed'n of Musicians, 588 F.2d 1313, 1315 (10th Cir. 1978)). Thus, a district court's dismissal without prejudice may be final under section 1291. Id. at 448. ("[T]hat a dismissal was without prejudice does not necessarily make it non final under section 1291."). As discussed later, the district court's dismissal of the

-4-

action and plaintiff's complaint were sufficiently final for this court to now exercise jurisdiction. See Petty v. Manpower, Inc., 591 F.2d 615, 617 (10th Cir. 1979).

There is another potential bar to this court's substantive review of Mr. Martinez's appeal. Mr. Martinez failed to file timely, written objections to the magistrate judge's recommendation. This court applies a firm waiver rule when a party fails to make timely objections to a magistrate's findings and recommendation. Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005). Under this rule, the party waives appellate review of factual and legal questions. Id.

We have recognized three exceptions to the firm waiver rule. First, the rule does not apply if "a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object." Id. (citing Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). This exception does not require actual knowledge on behalf of the *pro se* litigant. Instead, this court analyzes whether the magistrate judge's ruling clearly "attempted to apprise [the litigant] of the consequences of a failure to object." Id. Second, the rule does not apply when the "interests of justice" require review. Id.

Here, the first exception is inapplicable. As stated, the magistrate judge's recommendation clearly stated that Mr. Martinez had 10 days to file written objections and that failure to do so would waive appellate review.

Regarding the second exception, this court has compared "interests of justice" analysis to review for plain error. Id. at 1120-22. This court has also identified plain error as a third exception to the firm waiver rule, independent from the "interests of justice exception." Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006) ("The waiver rule may be suspended when the 'interests of justice' warrant, . . . or when the aggrieved party makes the onerous showing required to demonstrate plain error.") (citations omitted). Regarding the independent "interests of justice" exception, the court in Wardell cited Wirshing v. Colorado, 360 F.3d 1191, 1197-98 (10th Cir. 2004). The court in Wirshing applied several "interests of justice" factors. These included: (1) the reason for the party's delay in responding to or receiving the magistrate judge's recommendation; (2) whether this explanation was facially plausible; and (3) the *pro se* litigants prior tenacity in pursuing the claims. Wirshing, 360 F.3d at 1198; Morales-Fernandez; 418 F.3d at 1120 (identifying the Wirshing "interests of justice" factors as "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised").

Here, Mr. Martinez explains his failure to receive and object to the magistrate judge's recommendation was due to his arrest, incarceration, and change of address. First, it is clear that Mr. Martinez was aware of his obligation to notify the court of his change of address and failed to do so. As the defendants

-6-

point out, Mr. Martinez previously filed several notices for change of address. While this discredits Mr. Martinez's contention that he did not receive the recommendation, it bolsters his argument that he was unable to contact the court to object to the recommendation. Mr. Martinez claims he was arrested on November 23, 2007, three days before the magistrate judge issued the order to show cause and fifteen days before the magistrate judge filed the recommendation. Mr. Martinez claims he was placed in segregation and was unable to work on this case for 30 days.[1] This explanation is facially plausible. Similar to the *pro se* litigant in Wirsching, Mr. Martinez has been an active participant in this case for years. The record indicates that he filed a *pro se* complaint, responded to several prior orders to show cause, timely appealed a prior order of dismissal, requested extensions of time, and submitted a proposed pretrial order. Failing to object to a recommendation for failure to prosecute is inconsistent with his prior conduct. We also note that Mr. Martinez's allegations under 42 U.S.C. § 1983 are "issues of considerable import." Wirsching, 360 F.3d at 1198. Thus, under this standard, the interests of justice support applying an

---

[1] Because the district court did not address Mr. Martinez's January 3, 2008 notice, it is difficult to determine how isolated Mr. Martinez was from the court. See Bd. of County Comm'rs of County of Adams v. Isaac, 18 F.3d 1492, 1499 (10th Cir. 1994) ("Meaningful review is not possible because we have no factual record before us."); United States v. Apodaca, 843 F.2d 421, 431 ("In order to permit meaningful review of the trial court's decision, the reasons for the trial judge's decision should be placed on the record.").

exception to the firm waiver rule and allowing this court to proceed to the merits of the appeal.

This result would also hold true if we were to apply plain error analysis. Plain error exists "when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Morales-Fernandez, 418 F.3d at 1122-23. Thus, this court must determine whether the district court erred by not considering the January 3, 2008 notice when it dismissed Mr. Martinez's claims for lack of prosecution and failure to follow court orders.

In his appellate filings, Mr. Martinez explains that he did not receive the relevant court orders. The court mailed those orders to an address on Delaware Court. Mr. Martinez argues that his parole officer, Max Winkler, directed him to not go to that address and to avoid contact with a person at that address. Moreover, Mr. Martinez alleges that he was arrested on November 23, 2007 and placed in a segregation unit, where he did not have the ability to contact the court. Mr. Martinez contends that he contacted the court as soon as he was able to do so, noting that he "would never neglect this case[; he has] worked on it for . . . years." Mr. Martinez contends the district court failed to address the fact that he was arrested, and consequently ignored his inability to contact the court. Mr. Martinez also notes that the district court failed to consider his motion that explained the situation.

-8-

The defendants respond that Mr. Martinez did not attempt to timely object to the magistrate judge's recommendation and that Mr. Martinez did not notify the court of his change of address. In support of this argument, the defendants note that "Mr. Martinez knew about his obligation . . . to notify the Court within ten days after any change of address or telephone number because he had done so on five previous occasions." Aplee. Br. at 6. Additionally, the defendants point out that Mr. Martinez has not offered any evidence to support his explanation. They characterize his reference to his parole officer's instructions and lack of ability to contact the court as "implausible," noting "Mr. Martinez does not claim that he did not have access to an envelope and stamp, so all he needed was a pen and piece of paper to send his new address to the court and bring his plight to the Court's attention but, again, he decided to do nothing." Id. at 7.

This court agrees with Mr. Martinez's contention that the district court erred when it failed to consider his submitted notice. On January 3, 2008, Mr. Martinez notified the court that he had been arrested and placed in segregation between October 9, 2007 and early December 2007.[2] After reviewing the issues and the record, however, the district court made no mention of this information. Because the arrest and segregation took place before the magistrate judge issued his recommendation on December 11, 2007 and spanned the time period for Mr.

---

[2] On appeal he clarified the date to be November 23, 2007.

Martinez to object, this information merited at least some discussion. By not addressing Mr. Martinez's arrest and segregation, the district court erred.

An error is plain "if it is clear or obvious at the time of the appeal." Morales-Fernandez, 418 F.3d at 1124 (citing Johnson v. United States, 520 U.S. 461, 468 (1997)). This court has repeatedly stated that a court should read *pro se* filings liberally. Wheller v. C.I.R., 528 F.3d 773, 781 (10th Cir. 2008); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

At the least, the district court should have acknowledged Mr. Martinez's January 3, 2008 filing and considered it as a motion for leave to respond out of time. Mr. Martinez indicated that he was unavailable, but was then ready to proceed, stating "after over 30 days I can complete the motion and send it to the court." R. at 91, 1. For the district court to ignore this filing and state that "[n]o party has objected to the recommendation" and that the district court "conducted the requisite *de novo* review of the issues, the record, and the recommendation[]" is plain error. R. at 93, 1.

We must next determine whether the plain error identified affected Mr. Martinez's substantial rights. On this issue, Mr. Martinez bears the burden of showing "'a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." Morales-Fernandez, 418 F.3d at 1124

(quoting United States v. Dominquez Benitez, 542 U.S. 74, 82 (2004)).

Mr. Martinez is in the awkward position of showing that had the district court considered his January 3, 2008 notice as a motion for leave to file out of time, it would have granted the motion and treated it also as an objection to the recommendation. The district court's omission of any reference to the January 3, 2008 notice places this court in an equally awkward position of reviewing that omission. The record, however, reveals two prior actions by the district court that allow this court to determine with reasonable probability that if the district court had considered the January 3, 2008 notice, the result would have been different. First, on March 21, 2007, Mr. Martinez filed a "Motion to Show Cause," stating that he "ha[d] been placed into administrative segregation with no means to gain access to the law library, paper or pen." R. at 47, 1. The district court docketed this as a motion for extension of time. Second, on October 23, 2007, the magistrate judge discharged an order to show cause. The explanation that the magistrate judge considered to "establish[] good cause for [Mr. Martinez's] failure to appear at the preliminary pretrial conference" was that Mr. Martinez was recently released from incarceration and unable to contact the court due to a holiday. R. at 79, 1. Considering these prior actions by the district court, we conclude there is a reasonable probability that if the district court had properly addressed the January 3, 2008 notice, Mr. Martinez's claims would not have been dismissed for failure to prosecute.

-11-

Lastly, to show that the district court's error seriously affects the fairness, integrity, or public reputation of judicial proceedings, Mr. Martinez must demonstrate "that allowing his non-constitutional error to stand would be 'particularly egregious' and would constitute a 'miscarriage of justice.'" Morales-Fernandez, 418 F.3d at 1124 (quoting United States v. Gilkey, 118 F.3d 702, 704 (10th Cir. 1997)).

Here, the district court dismissed Mr. Martinez's claims without prejudice. Generally, "a district court may, without abusing its discretion, [dismiss without prejudice] without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2007). On the other hand, a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations has expired on the dismissed claims. Gocolay v. N.M. Fed. Sav. & Loan Ass'n, 968 F.2d 1017, 1021 (10th Cir. 1992). Accordingly, it is necessary to determine if the statute of limitations has expired on Mr. Martinez's claims.

Mr. Martinez filed his claims on January 31, 2005, identifying incidents that occurred in 2004. These claims allege assault and indifference under 42 U.S.C. § 1983. Martinez v. Martinez, 189 F. App'x 815, 816 (10th Cir. 2006). The statute of limitations for § 1983 claims brought in Colorado "is two years from the time the cause of action accrued." Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). The district court dismissed Mr. Martinez's claims on

January 8, 2008. It appears that any attempt by Mr. Martinez to now refile these claims would be barred by the statute of limitations. Consequently, the district court's dismissal without prejudice was effectively a dismissal with prejudice.

Because of the strong preference for resolution of claims on their merits, this court considers a dismissal that effectively defeats a "litigant's right to redress grievances in the courts" to be "a severe sanction, applicable only in the extreme circumstances." Gocolay, 968 F.2d at 1021 (quotations omitted). Such a severe sanction should be applied only in extreme circumstances and "used as a weapon of last, rather than first, resort." Id. (quotations omitted). For a court to impose this sanction, it must consider identified factors. These include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162 (quotations omitted).

Here, there is no indication that the district court or the magistrate judge considered or applied these factors. Most notably, the district court did not make any finding regarding the culpability of Mr. Martinez. See Gucolay, 968 F.2d at 1021 ("Foremost, the district court failed to make a finding that [the litigant] willfully or in bad faith violated the court-ordered deposition deadline. Absent a finding of willful disregard or other bad faith, reversal is required."). Given that

-13-

Mr. Martinez notified the court of his situation five days before the court dismissed the case—reversing its prior efforts to consider such notification to be sufficient to show good cause and warrant an extension of time—and effectively eliminated his ability to pursue these claims, the dismissal is particularly egregious in that it seriously affects the perceived fairness of the involved judicial proceedings.

Thus, Mr. Martinez satisfies the requirements for the application of an exception to the firm waiver rule. The court's dismissal of Mr. Martinez's action without appreciating the import of his January 3, 2008 notice is likewise an abuse of discretion. See B&B Hardware, Inc. v. Hargis Indus., Inc., 252 F.3d 1010, 1012 (8th Cir. 2001)(describing analysis for abuse of discretion as "less[]rigorous" than analysis for plain error); Stuart v. Jackson, 24 F. App'x 943, 951 (10th Cir. 2001)(describing the plain error standard as "more rigorous" than the abuse of discretion standard); Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007)(citing Nasious, 492 F.3d at 1160 for the statement "We review dismissals under Rule 41(b) for abuse of discretion.").

Accordingly, the district court's order dismissing Mr. Martinez's two claims is REVERSED, and the case is REMANDED to the district court for

-14-

further proceedings.  Appellant's motion to proceed on appeal without prepayment of fees is granted.  He is reminded, however, that he must continue making partial payments until the filing fee is paid in full.

Entered for the Court,


Mary Beck Briscoe
Circuit Judge